## Estate of Vianna Lassen Badders. Appeal of John B. Potter, Executor.

*Question for jury—Executor's sale—Discharge of lien.*

Where there is evidence tending to show that at an executor's sale for the payment of debts, a building and loan association authorized the divestiture of its mortgage, a first lien upon the property, the said lien to be relegated to the fund, the question of divestiture and payment is one to be submitted to a jury.

Argued May 10, 1897. Appeal, No. 33, April T., 1897, by John B. Potter, executor, from decree of O. C. Beaver Co., surcharging executor in distribution. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER and ORLADY, JJ. Reversed.

Petition to open decree of distribution of balance in the hands of executor so far as it relates to award to the Beaver Building & Loan Association, and for a rule on the executor to show cause why he should not pay the same into court.

The facts sufficiently appear from the report of the previous case, ante, p. 462, and the opinion of the court in this case.

The court made absolute the rule, and directed the executor to pay to George M. Badders, guardian of petitioners, the sum of $494.70, with interest thereon from March 9, 1892.

*Errors assigned* among others were (1) In finding as a fact: " There is nothing in this case that shows that the Beaver Building & Loan Association authorized the divestiture of its mortgage on the Vianna L. Badders property by the executor's sale." (2) In finding: "Awarding to said association the balance due on its mortgage, without payment of the same, would not preclude the said association from proceeding on its mortgage and selling the property to make its money." (5) In directing

VOL. V—30

John B. Potter, executor of Vianna L. Badders, deceased, to pay to George M. Badders, guardian, the sum of $494.70, with interest thereon from March 9, 1892.

*John M. Buchanan*, with him *Wm. A. McConnel*, for appellant.—The court below had no authority to modify or change the decree made, in particulars not excepted to before absolute confirmation, without a citation to all parties to be affected thereby: Keys' Estate, 4 Dist. Rep. 134; Christian's Estate, 13 C. C. Rep. 415.

The court erred in not discharging this rule, not only because it made an order contrary to the rule prayed for, but because it had no authority in the law for so doing. The order is based on the sole fact that the three children of Vianna L. Badders were minors during the settlement of the estate, and therefore the court holds that they " were not affected with notice of any of the proceedings therein."

*Frank H. Laird*, for appellee.—The appellant has not in any manner brought himself within the terms of the Act of March 29, 1832, P. L. 190, and consequently his appeal should be quashed, because he has no interest in the question decided: Gallagher's Appeal, 89 Pa. 29. See also Stineman's Appeal, 34 Pa. 394, McAllister's Appeal, 59 Pa. 205, and Mellon's Appeal, 32 Pa. 121.

As was said by the Supreme Court in a per curiam in Fullerton's Estate, 146 Pa. 61: ". . . . the opinion of the orphans' court is not assignable as error." The orphans' court, ever since it was founded, has had and has " exercised the power of reviewing and modifying its proceedings and decrees as an authority necessarily inherent and essential to the right discharge of its duties:" George's Appeal, 12 Pa. 260.

OPINION BY WILLARD, J., July 23, 1897:

By the distribution of the fund derived from the orphans' court sale of the real estate of Vianna L. Badders, deceased, as appears by the report of James Cameron, an auditor appointed by the court to make said distribution, there was awarded of said fund the sum of $494.70, to the Beaver Building & Loan Association, upon a mortgage in favor of said association against,

and the first lien upon, the property of the decedent. The report of the auditor was duly confirmed by the court on June 13, 1892, and it appears that the money distributed by the auditor was all paid by the executor to the persons entitled thereto, except that portion awarded to the Building & Loan Association.

On February 28, 1896, George M. Badders, guardian of the minor children of Vianna L. Badders, filed his petition praying the court to open up the decree of distribution and make a decree requiring John B. Potter, the executor, to pay the sum of $494.70, with interest, in all $607.50, into court to await further determination in the matter. The petition recited the appointment of petitioner as guardian; the death of Vianna L. Badders; that by her last will and testament she devised and bequeathed her real and personal property to her minor children and appointed John B. Potter her executor; that the real estate was incumbered by a mortgage to the Beaver Building & Loan Association and was a first lien thereon; that the real estate was sold at orphans' court sale by the executor for the payment of debts, without notice to the minor children or their guardian, and that the sum awarded to the Building & Loan Association remained in the hands of the executor and belonged to said minor children.

The answer of the executor admitted his appointment and that he had acted as said executor; that he sold the property for the payment of the decedent's debts; that at the sale John F. Reed, the attorney for the Building & Loan Association, gave notice to all bidders that the sale would divest the lien of the mortgage; that he filed his final account which was confirmed by the court and an auditor appointed to make distribution, and that said Building & Loan Association presented its claim before the auditor, and the full amount of the mortgage was awarded to the association and was afterwards paid to J. F. Reed, its attorney.

Upon the rule to show cause, testimony was taken, showing a state of facts in support of the answer filed by the executor.

We cannot agree with the learned trial judge that "there is nothing in this case that shows that the Beaver Building & Loan Association authorized the divestiture of its mortgage on the Vianna L. Badders property by the executor's sale." Nor can we agree that "the executor has in his hands the money awarded to the Building & Loan Association."

By our opinion this day filed in the appeal of Elvira Hood
ante, p. 462; we have reversed the judgment in order that the
question of divestiture and payment might be properly submitted
to a jury. We express our opinion no further than is necessary
to determine this case upon the testimony filed in this proceed-
ing. On the trial of the scire facias sur mortgage the authority
of the person who represented the building association at the
sale and received the money for it as distributed by the auditor
can be ascertained by a jury.

The decree of the court here assigned for error compels Mr.
Potter, the executor, to pay to the guardian of the minor chil-
dren of Vianna L. Badders the money which he alleges he has
paid in discharge of the first lien upon her real estate. The
facts established by the testimony taken on the rule to show
cause tend to support the executor's allegations. It is a mistake
to suppose that this association can only be bound by a formal
resolution of the board of directors, duly recorded upon its min-
ute book. The fact that authorized notice was given at the sale
that the lien of the mortgage would be divested is strongly cor-
roborated by the fact that claim was made before the auditor by
the association for the amount of the mortgage, and the further
fact that the money was actually distributed to its payment by
the auditor, and his report confirmed without dissent for four
years. These circumstances, together with the testimony that
James M. Beal, a director in the association, who it is alleged
received the money, " made an arrangement with the Building
and Loan Association that he was to have that money by paying
it weekly, and he did pay it for a time and paid the interest for
six months, and was unable to pay any more," is evidence of
authority and ratification as strong and persuasive as recorded
resolutions.

If this money was paid by Potter to the building association,
he is the party aggrieved by the decree of the court below and
is directly interested to the extent of $607.50. The prayer of
the petition was for the payment of the money into court. The
order and decree of the court made the rule to open the
auditor's report absolute and directed the appellant to pay the
petitioner $494.70, with interest from March 9, 1892. The mo-
tion to quash the appeal is overruled and the decree of the
court below is reversed at the costs of the appellee.