## Helping Hand Building & Loan Association v. M. Florine Buss and Harry Buss, and Patrick White, Terre-Tenant, Appellant.

*Building association—Authority of secretary to furnish statements—Evidence—Question for jury.*

The declarations of the secretary of a building association as to amounts due upon mortgages held by the association are not binding upon the association in the absence of evidence of authority in the secretary to settle such claims or furnish statements to parties of the amounts owing thereon, but such authority may be established by any competent evidence, and if there is such evidence in the case the question is for the jury.

Argued May 17, 1899. Appeal, No. 230, April Term, 1899, by Patrick White, terre-tenant, from judgment of C. P. Warren Co., March T., 1898, No. 61, on verdict for plaintiff. Before

RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. POR-
TER and BEEBER, JJ. Reversed. Opinion by W. D. POR-
TER, J.

Sci. fa. sur mortgage. Before LINDSEY, P. J.

It appears from the evidence that Buss and wife joined in a
mortgage to the plaintiff for the payment of $1,000, about Au-
gust 25, 1888, and assigned therefor five shares of building
association stock, and had paid on account of the principal of
said mortgage $240 up to June, 1892, when the premises were
assigned to the terre-tenant.

There was evidence tending to show that prior to the pur-
chase the terre-tenant attended a meeting of the directors of
the building association and inquired the amount that was still
due on the mortgage and was referred to the secretary who
furnished a written statement to the effect that the mortgage
would be released and satisfied upon the payment to the asso-.
ciation of $600 in instalments of $10.00 per month. The court
directed a verdict for plaintiff.

Verdict and judgment for plaintiff for $323.21. Terre-ten-
ant appealed.

*Error assigned* among others was in directing verdict for
plaintiff.

*D. U. Arird,* with him *J. H. Donly* and *C. M. Shawkey,* for
appellant.—The terre-tenant was entitled to have the question
left to the jury as to the authority of the secretary to give the
statement upon which appellant acted in the purchase of the
property.

The following cases are cited as to the question of submitting
the case to the jury: Kelsey v. Bank, 69 Pa. 426; Weaver v.
Craighead, 104 Pa. 288.

The case of Badders's Est., 5 Pa. Superior Ct. 465, and the
Beaver Building & Loan Assn. v. Potter, 5 Pa. Superior Ct.
462, relate to the same estate: McNeile v. Cridland, 16 Pa. 123.

*D. I. Ball,* with him *E. H. Beshlin* and *Dinsmoor & Peterson,*
for appellee.—The board is a deliberative body, and its action
must be of that character by the members as an organized body,
and not by them separately or individually: Butler v. School

Dist., 149 Pa. 351; Nason v. Poor Directors, 126 Pa. 445; School District v. Fuess, 98 Pa. 600.

It is apparent that all Mr. Waters undertook to do was to give his idea of how long it would take to pay off the mortgage.

As a contract the writing given by the secretary to White has nothing to support it.

OPINION BY W. D. PORTER, J., April 23, 1900:

This was a proceeding by scire facias upon a mortgage, and Patrick White, terre-tenant, defended upon the ground that he had paid to plaintiff the full amount which its duly authorized officers had represented to be owing upon the mortgage at the time he (White) purchased the land, and that upon the faith of the representations of said officers he had settled with his grantor and paid the balance of the purchase money. White produced evidence which can scarcely be said to be contradicted, that at the time he purchased the land of Buss, the mortgagor, the secretary of the building and loan association had furnished him a statement that it would require a payment of $10.00 each month for sixty months to discharge the mortgage, and it is not disputed that White did regularly pay that amount during the period stated. The declarations of the secretary of a building and loan association as to the amounts due upon mortgages held by the association are not binding upon the association in the absence of evidence of authority in the secretary to settle such claims or furnish statements to parties of the amounts owing thereon: Johnston v. Elizabeth, etc., Association, 104 Pa. 394; Erthal v. Glueck, 10 Pa. Superior Ct. 402. No such authority is implied from the nature of the office of secretary, and it was, no doubt, owing to this cause that the court below gave binding instructions in favor of the plaintiff:

The authority of the secretary, however, to act for the association in such matters may be established by any competent evidence, and if there was such evidence in this case the question ought to have gone to the jury. The transaction and management of the affairs of a corporation are with the board of directors, and they have the power to make such rules and regulations as may be reasonably necessary for carrying on the business of the association. In the absence of limitations upon their authority, contained in the constitution and by-laws, they

would have the power to authorize the secretary to furnish such statements as that in question in this case to parties desiring to close transactions for the sale of real estate, upon which the association held mortgages. During a part of the negotiations for the purchase by White of the real estate of Buss, the proposed purchaser was represented in the negotiations by his son, Thomas White. The mortgage now in question was discovered to be an incumbrance upon the land, and Thomas White went with the attorney for Mrs. Buss to a meeting of the plaintiff association for the purpose of ascertaining the condition of the property and how much was owing upon the mortgage. Thomas White testified, in effect, that they went before a meeting of the association and stated to the board of directors, while in session, that Patrick White was negotiating for the purchase of the Florine Buss property and that they came there to find out how much the incumbrance was against it and what arrangements they could make with the association for the purchase of the property; that one of the directors answered that Mr. Waters had that matter in charge and he would render the statement, and that Mr. Waters, who was the secretary of the association, did then make a verbal statement and subsequently furnished the written statement. None of the other directors challenged the declaration of one of their number as to the authority of the secretary in the premises, and the whole board, by silence, acquiesced in holding out to the parties, who were about to deal upon the faith of the declaration, the secretary as the party authorized to represent the association in that behalf. In order to bind the association it was not necessary that a formal resolution of the board of directors be passed and duly recorded upon its minutes: Badders's Estate, 5 Pa. Superior Ct. 465 ; Kelsey v. The National Bank of Crawford County, 69 Pa. 426. Having held the secretary out as authorized to represent the association in the transaction, they are bound by his acts: Brooke v. Railroad Company, 108 Pa. 529. The main question in this case was the authority of the secretary to bind the association by a statement as to the amount due upon the mortgage. The testimony of Thomas White was certainly sufficient to carry the case to the jury upon that point: Weaver v. Craighead, 104 Pa. 288. The fifteenth assignment of error is sustained.

Judgment reversed and venire facias de novo awarded.