Globe Mutual Building and Loan Association *v.* Schutte, Appellant.

*Building and loan associations—Dues and premiums—Mortgage debt—Appropriation of payments.*

Where the by-laws of a building and loan association provide that payments upon account of dues and premiums shall be credited on the stock,

and the pass book of a member shows credits of weekly payments and profits to stock, the member cannot, after having permitted such payments to be so appropriated and credited, claim that he had elected to have such payments appropriated to his mortgage indebtedness, and that such election on his part had been assented to by the association.

While possibly an appropriation of dues and premiums to a mortgage indebtedness might be sustained under some circumstances, those circumstances should be such as to leave no doubt whatever as to the assent of both the association and the member to the agreement.

Argued April 11, 1905.   Appeal, No. 121, April T., 1905, by defendant, from judgment of C. P. No. 2, Allegheny Co., July T., 1902, No. 844, on verdict for plaintiff in case of Globe Mutual Building and Loan Association of Pittsburg, now in the hands of the Safe Deposit and Trust Company of Pittsburg, Receiver, v. Johanna Schutte, Administrator c. t. a. of Henry Schutte, deceased.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Scire facias sur mortgage.   Before FRAZER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,220.   Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*John E. Kuhn*, for appellant.—The precise point in dispute in this case has been ruled in favor of defendant by the Supreme Court, in the case of York Trust, Real Estate & Deposit Company v. Gallatin, 186 Pa. 150 ; Erthal v. Glueck, 10 Pa. Superior Ct. 402.

*Charles D. Gillespie*, with him *Willis F. McCook*, for appellee. —By becoming a borrower, a stockholder does not alter his standing as such ; he is still a stockholder : Endlich on Building Associations, secs. 148, 149 and 150 ; Charles Tyrrell Loan & Bldg. Assn. v. Haley, 139 Pa. 476 ; McGrath v. Savings & Loan Association, 44 Pa. 383.   And payments on stock by a borrower are not payments on the mortgage debt : Link v. Germantown Building Association, 89 Pa. 15 ; Spring Garden Association v. Tradesmen's Loan Association, 46 Pa. 493.

And a stockholder is bound to share in the losses as well as the gains whether he is a borrower or not: Endlich on Building Associations, secs. 104, 105 and 106 ; Knoblauck v. Robert Blum Bldg. & Loan Association, 25 P. L. J. 39; Wittman v. Concordia Building Association, 13 Phila. 95; McGrath v. Hamilton Savings & Loan Association, 44 Pa. 383. And where stock has been declared matured, losses being then unknown to the directors and the stock declared matured when in fact it had not, the mortgage will not be satisfied until the borrowing stockholder has contributed his share of losses : Mechanics', etc., Bldg. & Loan Association v. Swartz, 5 Pa. Dist. Rep. 318. And if the mortgage has been improperly satisfied in such case, the satisfaction will be stricken off : Callahan's Appeal, 124 Pa. 138.

OPINION BY SMITH, J., October 23, 1905:

On June 6, 1891, Henry Schutte borrowed from the Globe Mutual Building and Loan Association $1,800, giving as security a bond and mortgage in the manner and form prescribed by the constitution and by-laws of the association ; also pledging the weekly dues and premiums accruing on nine shares of its capital stock. He paid the dues and premiums until on or about March 1, 1894, when the payments, amounting to $800, were credited on his loan, and the nine shares of stock were surrendered to the association ; whereupon he subscribed for five shares of stock, and agreed that the mortgage should remain as security for $1,000. He continued paying the dues and premiums on five shares until July 30, 1900. In the condition of the bond it is provided that the obligor shall pay to the association the debt of $1,000 in the manner and form prescribed by the constitution and by-laws of said association, with interest thereon, payable on Saturday of each week, together with the weekly dues and premiums on five shares of the capital stock of the association. Upon the back of the bond is the following indorsement:

" For value received, I, Henry Schutte, the within-named obligor, do hereby assign, transfer and set over unto the Globe Mutual Building and Loan Association of Pittsburgh the five shares of stock held by me in said association as collateral security for the payment of the debt mentioned in the within

bond, and further I do hereby elect to treat all past and future payments of dues and premiums on said stock as credits on the within bond and the mortgage referred to below, and authorize and direct the officers of said association to so appropriate and credit the same.

" (Signed) HENRY SCHUTTE."

On March 14, 1901, the Safe Deposit and Trust Company of Pittsburg was appointed permanent receiver of the association. On the death of Henry Schutte, August 21, 1901, his widow, Johanna Schutte, became administratrix of his estate. On June 30, 1902, the receiver issued a scire facias to foreclose the mortgage. Upon the trial, April 4, 1904, the court directed a verdict for the plaintiff for the amount of the bond, with interest, $1,220. It is admitted at bar that the payment of $170.10 was overlooked, and should now be deducted from the verdict, leaving the judgment to stand for $1,049.90.

While the plan upon which building and loan associations are conducted is somewhat peculiar, it is not involved or confusing, but is governed by the ordinary rules of business and fair dealing. "In carrying out the plan on which building associations are organized and conducted, it is not intended that a stockholder who borrows of the association will discharge the debt he incurs by direct payments on account of it. He pays at stated periods the dues on his stock, the interest on the money borrowed, and, when the premium bid for the loan has not been deducted, the installments on it. When by the receipt of dues, interest, premiums, and fines for nonpayment of dues, all of the stock of the association or of the series to which the borrower's stock belongs, becomes full paid or matured, the value of his stock equals the amount of his debt, and the transaction is then ended by the surrender of the stock by him and the cancellation of his obligation by the association:" Freemansburg Bldg. & Loan Ass'n v. Watts, 199 Pa. 221.

This association was to be governed by the acts of assembly relating to building and loan associations, with like privileges and responsibilities of its members. Payments received from all sources go into the general fund of the association, to be periodically divided as profits among all the shareholders, according to the amount of stock held by each. With the ap-

pointment of a receiver the business of the association, as such, ceased; nothing then remained but to wind up its affairs in such a manner as to do equity to the creditors, and between the members themselves, according to their rights and liabilities respectively. In the present case the amount due the association was $1,000, and Mr. Schutte, under his contract, was required to pay as other stockholders. As a borrower, he should be charged with his actual indebtedness, with interest according to his contract before participating like non-borrowers, and should bear his share of the losses. But to allow him credit for payments on his stock as now contended for, would enable him to escape this responsibility and throw it wholly on the non-borrowers. In this common enterprise the stockholders must bear their share of the losses and profits according to their contract and respective holdings. Further on this question Judge FRAZER, in the opinion overruling the motion for a new trial, very pertinently said : " While possibly under the case of York Trust, etc., Company v. Gallatin, 186 Pa. 150, an appropriation of dues and premiums to a mortgage indebtedness might be sustained under some circumstances, those circumstances should be such as to leave no doubt whatever as to the assent of both parties to the agreement. In this case, while Mr. Schutte by the indorsement upon his bond elects to have his payments on account of stock credited to his indebtedness, we have nothing before us to indicate an agreement upon the part of the association to so treat such payments. On the contrary, in the body of the bond it is provided that payments shall be made in accordance with the constitution and by-laws of the association, which provides, among other things, that a borrower must be a stockholder, and stockholders are required to make payments weekly of twenty-five cents on each share of stock held by them until such share shall be worth $200. That the association did not treat the payments made by Mr. Schutte as payments on account of his loan is evidenced by the fact that such payments were credited in the books of the association and also in his pass book as payments upon account of dues and premiums, and it also appears by both the books of the association and the pass book that he was credited on the stock with the profit accruing to his share. The pass book in his possession showed

these weekly credits, and also the profits realized upon his stock, and having permitted these payments to be so appropriated and credited, and having received his dividends, it seems to us that such action upon his part was a ratification of the appropriation of his payments made by the association, and sufficient notice to him that the association did not recognize his election to have the payments appropriated to the loan in direct conflict with the requirements of the by-laws of the association.    It is clear to us that this case is ruled by Freemansburg Bldg. & Loan Association v. Watts, 199 Pa. 221.    In that case it is said : "A member who borrows from the association remains a stockholder under a duty to pay the dues on his stock regularly, and subject to a penalty for nonpayment.    The payment of these dues is an indirect payment on account of the loan, as the payment increases the value of his stock, and thus adds to the collateral pledged, by means of which payment is to be made in the end.    But if these payments are considered as direct payments, the result is that he has paid nothing on account of his stock, notwithstanding his obligation to do so ; he has been charged with fines for nonpayment when payment was not required ; his installments of interest have remained the same, although his debt has been reduced by regular payments ; his stock, on which he has paid nothing, has participated in the profits which have accrued to all the stock alike ; and in the case of the insolvency of the association we have the rank injustice that the burden of the whole loss is cast upon the nonborrowing members."    If the defendant's contention prevailed, Mr. Schutte would receive dividends upon the stock upon which he has paid nothing, and also the "rank injustice" of his being relieved from his share of the burden of the association's loss.

With the modification suggested, the judgment is affirmed.