## Kurtz, Appellant, *v.* Campbell.

*Building and loan associations—Dues—Credits on bond and mortgage.*

- A borrower from a building and loan association has the right to elect to treat all past and future payments of dues on the stock as credits on the bond and mortgage, and to direct the officers of the association so to appropriate and credit the same.    In such a case it is immaterial that the appropriation was made in the assignment of the stock rather than on the bond and mortgage, when the assignment of the stock was concurrent with the delivery of the bond and mortgage, and the whole constituted one transaction.    The insolvency of the association does not affect an appropriation made prior thereto.

Argued May 8, 1906.    Appeal, No. 94, April T., 1906, by plaintiff, from judgment of C. P. Jefferson Co., Aug. T., 1904, for plaintiffs on case tried by the court without a jury in suit of T. M. Kurtz, S. Keltonik and G. L. Glenn, assignees of the Punxsutawney Mutual Building and Loan Association, v. Ira J. Campbell, S. K. Livingood and Rebecca M. Livingood, his wife.    Before RICE, P. J., PORTER, HENDERSON, MORRISON, HEAD and BEAVER, JJ.    Affirmed.

Scire facias sur mortgage.

The case was tried by REED, P. J., without a jury, under the act of April 22, 1874.

The court found, inter alia, the following facts :

The defendants, March 25, 1895, subscribed for and became the owners of twenty shares of the capital stock of the nineteenth series of said association, of the par value of $200 each, represented by certificate No. 598.

On April 23, 1895, the defendants borrowed from said association the par value of their said stock, to wit: On five shares thereof the sum of $1,000, subject to a deduction of fifteen per cent premium bid therefor, and on fifteen shares thereof the sum of $3,000, subject to a deduction of twelve and three-fourths per cent premium bid therefor.    The amount received by the defendants, less premiums as stated, was $3,467.50.    The premiums, amounting to $532.50, the association retained.

In accordance with the by-laws of said association, and as the security required thereby, the defendants made, executed

and delivered to the association, and the said association accepted, their judgment bond and mortgage on real estate in the sum of $8,000 respectively conditioned for the payment of said sum of $4,000, etc., as hereinafter stated. Said bond and mortgage are in the form provided by said association and required of its borrowers. The defendants also, by indorsement on the back of the bond, assigned their stock to the association as collateral security for the payment of said debt, which indorsement is in the form provided by said association and required of its borrowers.

The association became insolvent on February 1, 1904.

The conclusions of law were as follows:

1. That by virtue of the following clause contained in the assignment of the defendants' stock as collateral security for the payment of the loan obtained thereon, viz., "And further, we do hereby elect to treat all past and future payments of dues on said stock as credits on the within bond and mortgage accompanying the same, and authorize and direct the officers of said association to so appropriate and credit the same," there was an appropriation, at the inception of the contract of loan, of all payments on stock to the extinguishment of the debt created by said loan, which cannot be questioned by either of the parties to said contract.

2. That this clause in said assignment must be interpreted in accordance with the intent of the parties as plainly and unequivocally expressed at the time of the execution of the contract, and there is nothing in the testimony, or in the findings of fact deduced therefrom, that can be held to be a waiver of the appropriation of payments on stock to the mortgage debt as then made, or that would estop the defendants from standing on said agreement of appropriation in the present action to enforce payment of the balance due on said mortgage.

3. The doctrine of appropriation as applicable to building and loan associations is so firmly embedded in the law of this state that the question must be considered as settled in favor of the right of either the stockholder or the association to make such appropriation save in exceptional instances, none of which exist in this case.

4. The Punxsutawney Mutual Building and Loan Association having become insolvent, the contract between it and the

defendants is so far abrogated that the defendants can only be held for the repayment of the actual amount received as a loan on their stock, with interest from the date of the loan, and they are further absolved from the payment of dues on said stock from the time of such insolvency. They are entitled to credit as of the date of the insolvency of said association, for all sums paid as dues on stock and for all sums paid as interest on the loan, to wit : Paid on dues, $2,140, and paid on interest, $2,100, or to a total credit of $4,240.

5. The rights and obligations of the defendants in this case are to be settled and determined on the principles of law as declared in the case of York Trust, etc., Co. v. Gallatin, 186 Pa. 150, and kindred cases.

*Errors assigned* were various findings of the court.

*C. Z. Gordon* and *W. W. Winslow*, with them *J. L. Fisher* and *W. M. Gillespie*, for appellant, cited : Freemansburg B. & L. Assn. v. Watts, 199 Pa. 221 ; Strohen v. Franklin Saving Fund & Loan Assn., 115 Pa. 273 ; McGrath v. Hamilton Savings & Loan Assn., 44 Pa. 383.

*A. L. Cole*, with him *Jeff. G. Wingert* and *Carmalt & Strong*, for appellees, cited : Spring Garden Assn v. Tradesman's Loan Assn., 46 Pa. 493 ; Erthal v. Glueck, 10 Pa. Superior Ct. 402 ; York Trust, etc., Co. v. Gallatin, 186 Pa. 150.

OPINION BY HENDERSON, J., October 5, 1906 :

At the time when the defendants executed their bond and mortgage to the building and loan association, they also assigned their stock in the association as collateral security for the payment of the debt. Attached to this assignment was an election to treat all past and future payments of dues on the stock as credits on the bond and mortgage, and a direction to the officers of the association to so appropriate and credit the same.

The right of a borrower from a building and loan association to make such election has been recognized in many cases, beginning with North American Building Association v. Sutton, 35 Pa. 463. In Spring Garden Association v. Tradesmen's

Loan Association, 46 Pa. 493, the right of a mortgagor to apply his payments on the stock to the mortgage debt was distinctly declared; the license to make such application being implied in the nature of building-association loans. It was there stated, however, that an act of appropriation by one of the parties is necessary in order to effect an application of the stock payments to the loan. Such is also the doctrine of Economy Building Association v. Hungerbuehler, 93 Pa. 258.

In Hemperley v. Tyson et al., 170 Pa. 385, the right to a lien on shares of stock of a building and loan association, by an attaching creditor, was denied for the reason that the owner of the stock had elected to apply her stock payments on her bond and mortgage for money borrowed, and the court said with reference thereto, " This election shows that it was her purpose to make the stock fund primarily liable for the loan, and the acceptance by the association of the assignment, subject to the election, involved an agreement on its part to so regard it."

The cases relating to the question are reviewed in York Trust, etc., Co. v. Gallatin, 186 Pa. 150, in which the right of appropriation is reaffirmed. In the course of his opinion Chief Justice STERRETT says: " Bearing in mind these principles in which all the cases substantially agree, it clearly follows that where the appropriation is made at the inception of the contract of loan, it cannot thereafter be successfully questioned." A convincing opinion by Judge PORTER in Erthal v. Glueck, 10 Pa. Superior Ct. 402, discusses the same subject and reaches the same conclusion.

The case of Freemansburg B. & L. Association v. Watts, 199 Pa. 221, is not in conflict with the cases cited. There was no express appropriation of payments in that case before the insolvency of the company, nor any notice given that payments were to be applied in a particular manner. The obligor's right of appropriation is recognized, however.

We do not deem it a controlling fact that the appropriation is made in the assignment of the stock rather than on the bond or mortgage. The assignment of the stock was concurrent with the delivery of the bond and mortgage, and its acceptance by the association made it a part of the contract under which the loan was effected. No objection was made to the appro-

priation by the borrower, and as it was made when the loan was obtained and the association was solvent, it cannot now be avoided.   The insolvency of the company does not affect an appropriation made prior thereto : Strohen v. Franklin Saving Fund & Loan Association, 115 Pa. 273 ; York Trust, etc., Co. v. Gallatin, 186 Pa. 150.

The condition in the bond for the payment of monthly dues on the stock does not distinguish the case from that of York Trust, etc., Co. v. Gallatin.   The right of appropriation is not controlled by the condition of the bond, but arises out of the obligor's control of the fund at the time of payment.

Our attention has been called to Globe Mutual B. & L. Association v. Schutte, 29 Pa. Superior Ct. 265, as an authority in support of the appellant's position.   The controlling fact in that case was, however, that the conduct of the association and the borrower showed that, notwithstanding the election to apply the payments, they were not so applied by the parties. The payments were credited on the books of the association and also on the pass book of the debtor as payments upon account of dues and premiums, and the debtor was credited on his stock with the profit accruing to his shares.   The pass book of the debtor in the stockholder's possession, showed weekly credits and also profits realized on his stock, and his conduct in permitting payments to be so appropriated and credited, and in receiving his dividend, was deemed to be a ratification of the appropriation of his payments made by the association, and notice to him that the association did not recognize his election.   It was not intended to be a decision that a right of election did not exist.

In view of the foregoing authorities, and in the light of the facts found by the trial judge, the appellees were entitled to the defense set up.

The judgment is affirmed.