## Haspel, Receiver, *v.* Moffitt, Appellant.

*Building and loan association—Interest—Payments—Application of payment—Mortgage—Stock payments—Insolvency.*

A provision in the by-laws of a building and loan association for the payment of interest monthly at the rate of one-half per cent on the amount loaned, and that the interest shall be annually reduced by deducting or allowing the interest on the amount of contributions paid by the purchasers during the year, cannot be so construed as to apply to payments on the principal of the debt.

After the insolvency of a building and loan association there can be no appropriation of the value of shares to a mortgage debt.

Argued Oct. T., 1906. Appeal, No. 64, Oct. T., 1906, by defendant, from order of C. P. No. 2, Phila. Co., Dec. T., 1905, No. 822, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Lewis A. Haspel, Receiver of the United Building and Loan Association of Philadelphia, v. Rebecca Moffitt, Mortgagor, and Susan Moffitt et al., real owners. Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ. Affirmed.

Scire facias sur mortgage.

Defendant filed an affidavit of defense which was as follows:

That the said mortgage was duly executed on December 24, 1896 by the said Rebecca Moffitt, who has since deceased, and who became a member of the said United Building and Loan Association on December 6, 1896, by the payment to the said association of the sum of $65.40 and who thereafter made payments at the rate of $8.50 per month for the first year, 1896; $8.26 for the second year, 1897; $8.02 for the third year, 1898; $7.78 for fourth year, 1899; $7.54 for the fifth year, 1900; $7.30 for the sixth year, 1901; $7.06 for the seventh year, 1902 and $6.82 for the eighth year, 1903, until August 13, of that year, in accordance with the by-laws of said association, as follows:

"Article IX. Loans—Section 3. Interest shall be paid monthly at the rate of one-half of one per cent chargeable on the amount loaned which shall, after the first year, be annually reduced by deducting or allowing the interest on the amount of contribution paid in during such year by the purchaser. Any member may pay off a loan at any time by paying the net amount due, together with all the fines, premiums and interest that may be due at the time of payment, or one or more shares may be paid off and the payments of premium and interest be reduced in proportion."

In accordance with said by-law the said defendant paid in the year 1896, $48.00 on account of the principal of said mortgage and $48.00 annually thereafter, until 1902, inclusive, and $24.00 in the year 1903, making a total payment of $360 upon the principal of the mortgage, which is so credited to said defendant upon the books of the association, and the balance of $440 is still due and payable, with interest from August 13, 1903, since which time no payments have been made and the said defendants offered to pay to the plaintiff in the above case the said sum, as aforesaid, before suit was brought.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Charles H. Pile*, for appellants, cited: York Trust, etc., Co. v. Gallatin, 186 Pa. 150.

*Wayne P. Rambo*, with him *Albert L. Lewis*, for appellee, cited: North American Bldg. Assn. v. Sutton, 35 Pa. 463; Strohen v. Franklin Saving Fund, etc., Assn., 115 Pa. 273; State Saving & Loan Assn. v. Carroll, 4 Pa. Dist. Rep. 6; Freemansburg B. & L. Assn. v. Watts, 199 Pa. 221; Selden v. Reliable Saving & Building Assn., 81* Pa. 336.

OPINION BY HENDERSON, J., February 25, 1907:

The mortgagor's obligation was to pay to the association $800 in one year thereafter, together with all fines imposed by the constitution and by-laws and a monthly premium of fifty cents, as well as the sum of $4.00 for the monthly contribution on four shares of the capital stock of the association owned by the mortgagor. The defense to the payment demanded is that article 9 of the by-laws appropriates the payments on stock to the principal of the mortgage debt and that the payments set forth in the affidavit of defense were so applied. The appellant contends that the case is within the ruling in York Trust, etc., Co. v. Gallatin, 186 Pa. 150, and the cases there cited which hold that by agreement of the parties there may be an application of the payments on stock to the extinguishment of the debt. All of the cases relied upon place the borrower's right to appropriate stock payments to the mortgage debt on the agreement of the parties that such application be made. The affidavit of defense lacks an averment of this essential condition. It is not alleged that the mortgagor gave notice that the stock payments were to be applied on the principal of the loan and that the mortgagee assented thereto, or that there was an assignment of the mortgagor's stock to the mortgagee with the condition that the payments to be made thereon should apply on the debt. The averment is that " In accordance with said by-law the said defendant paid in the year 1896, $48.00 on account of the principal of said mortgage and $48.00 annually thereafter, until 1902, inclusive, and $24.00 in the year 1903, making a total payment of $360 upon the principal of the mortgage, which is so credited to said defendant upon the books of the association." It will be seen in an examination of the by-law referred to that no reference is there made to the application of stock payments on the mortgage debt. It provides for the payment of interest monthly at the rate of one-half per

cent on the amount loaned and that the interest shall be annually reduced by deducting or allowing the interest on the amount of contributions paid by the purchaser during the year. It would be an extreme interpretation of this part of the by-law to give it application to payments on the principal of the debt. The reason for the adoption of the provision is not clear. It may have been considered equitable that interest on the debt should be reduced, inasmuch as the payments on the stock would be invested from time to time by the association and would produce an amount of interest equivalent to the reduction. Whatever may have been the motive the by-law cannot be made to operate upon the principal of the debt. The averment in the affidavit that the payments were made by the mortgagor to apply on the principal in accordance with the by-law is the assertion of a legal conclusion which the by-law does not sustain. Whether the affidavit was intended to declare that the credits were made on the books of the association in accordance with the by-laws or that they were made to apply on the principal debt is somewhat doubtful. No statement is given of the time when the credits alleged were entered, nor by whom they were made. The association is insolvent and the authorities all hold that after the insolvency of a building association there cannot be an appropriation of the value of shares to a mortgage debt. The subject is fully discussed in Strohen v. Franklin Saving Fund, etc., Association, 115 Pa. 273. If an appropriation had been made by the mortgagor and the mortgagee the affidavit should have so averred. The rights of the stockholders were fixed by the insolvency of the company. Payments made on the stock could not afterward be applied to the indebtedness. The equities of other stockholders forbid this. The payment of dues is, of course, indirectly a payment on the loan. Such payment adds to the value of the stock, and in that way produces a fund out of which payment of the debt is to be made when a sufficient amount for that purpose has been paid in on stock contributions. But this is a very different thing from paying on the mortgage debt. There is a double obligation of the borrowing stockholder. He must pay his mortgage according to its terms and in addition pay his stock contributions, interest, etc. Payment on the mortgage does not relieve the stockholder from liability for his stock con-

tributions, unless it is expressly so agreed when the money is borrowed or before insolvency ; nor can payments on stock be applied to a loan except by such agreement.

The judgment is affirmed.