## Haspel *v.* McLaughlin-Lyons, Appellant.

*Building associations—Mortgage—Appropriation of shares—Insolvency
—Declarations—Secretary.*

1. Where a building association is on the eve of insolvency, there can
be no appropriation of the value of shares to a mortgage debt.

2. A declaration of the secretary of a building association made to a
member on the eve of the insolvency of the company to the effect that
the member was through with her payments, is inadmissible in an action
on the mortgage because the secretary has no authority to bind the
association by such a statement.

Argued Oct. 23, 1908. Appeal, No. 144, Oct. T., 1908, by
defendant, from judgment of C. P. No. 5, Phila. Co., Dec. T.,
1905, No. 823, on verdict for plaintiff in case of Lewis A.
Haspel *v.* Bridget McLaughlin-Lyons. Before RICE, P. J.,
PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEA-
VER, JJ. Affirmed.

Sci. fa. sur mortgage. Before RALSTON, J.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,343.47. Defend-
ant appealed.

*Error assigned* was in giving binding instructions for plain-
tiff.

*Edmund Randall*, with him *Thomas A. Mullen* and *James A.
Flaherty*, for appellant.—The intention of the payer to appro-
priate the payment to a particular debt may be collected from
the nature of the transaction, and may be referred to the jury
as a matter of fact: West Branch Bank v. Moorehead, 5 W. &
S. 542; Moorehead v. West Branch Bank, 3 W. & S. 550.

*Wayne P. Rambo*, with him *Albert L. Lewis*, for appellee.—
A stockholder and borrowing member cannot appropriate the
value of his shares in liquidation of a mortgage debt when the

association is insolvent, or on the eve of insolvency: Mechanics'
& Workingmen's B. & L. Assn. v. Swartz, 5 Pa. Dist. Rep. 318;
Callahan's App., 124 Pa. 138; North American Bldg. Assn. v.
Sutton, 35 Pa. 463; Strohen v. Franklin Sav. Fund, etc., Assn.,
115 Pa. 273; Haspel v. Moffitt, 32 Pa. Superior Ct. 344; Free-
mansburg B. & L. Assn. v. Watts, 199 Pa. 221.

That which was done by the defendant at the last meeting
on February 15, 1904, does not amount to an appropriation:
York Trust Co. v. Gallatin, 186 Pa. 150; Kurtz v. Campbell,
218 Pa. 524; Johnston v. B & L. Assn., 104 Pa. 394; B. & L. Assn.
v. Schutte, 29 Pa. Superior Ct. 265; State Saving & Loan Assn.
v. Carroll, 4 Pa. Dist. Rep. 6; Sleeper v. Winkel, 122 Fed. Repr.
736.

The secretary had no authority to bind the plaintiff associa-
tion by his declarations: Johnston v. B. & L. Assn., 104 Pa. 394.


OPINION BY BEAVER, J., February 26, 1909:

The defendant joined a building and loan association, of which
the plaintiff is the receiver, in February, 1892, and took out
five shares of stock in the seventh series, which she continu-
ously held until the last meeting of the association in Febru-
ary, 1904. The association, on April 2, 1904, made an assign-
ment in due form to one Robbins, who refused to act as assignee
or accept the trust. Subsequently, November 7, 1904, the
plaintiff was appointed receiver for the association and was
subsequently directed by the court to proceed to collect all
moneys due the association by appropriate legal proceedings.
The receiver, finding among the assets of the association a
mortgage of the defendant for $1,000, issued a scire facias
thereon, which has been twice tried. At the first trial the trial
judge refused an offer on the part of the defendant to show the
withdrawal value of her shares by the seventeenth annual re-
port of the society and also the statement made to her at the
time of her last payment of dues by the secretary and the sur-
render of her certificate of stock. At this trial a verdict was
directed for the plaintiff. A new trial was granted, on the
ground that the testimony rejected should have been received
and, on the second trial, it was allowed, but a judgment again

directed for the plaintiff for the balance of mortgage and interest, giving due credit for the amounts of principal and interest paid on account of the mortgage, but refusing to allow the withdrawal value of the stock held by the defendant as a credit upon the mortgage, as claimed by her, by virtue of a conversation between her and the secretary of the association and the delivery of her book, in which were credited her charges and payments of monthly dues, interest and the payments directly on account of the mortgage, and her certificate of stock, without an assignment.

The general subject is discussed by our Brother HENDERSON in Haspel v. Moffitt, 32 Pa. Superior Ct. 344, in which the authorities pertinent to the case at that time were quite fully discussed. It is therein said: "The association is insolvent and the authorities all hold that after the insolvency of a building association there cannot be an appropriation of the value of shares to a mortgage debt. The subject is fully discussed in Strohen v. Franklin Saving Fund, etc., Association, 115 Pa. 273. . . . The rights of the stockholders were fixed by the insolvency of the company. Payments made on the stock could not afterward be applied to the indebtedness. The equities of other stockholders forbid this. The payment of dues is, of course, indirectly a payment on the loan. Such payment adds to the value of the stock, and in that way produces a fund out of which payment of the debt is to be made when a sufficient amount for that purpose has been paid in on stock contributions. But this is a very different thing from paying on the mortgage debt. There is a double obligation of the borrowing stockholder. He must pay his mortgage according to its terms, and in addition pay his stock contributions, interest, etc. Payment of the mortgage does not relieve the stockholder from liability for his stock contributions, unless it is expressly so agreed when the money is borrowed or before insolvency; nor can payments on stock be applied to a loan, except by such agreement."

Assuming that all that is claimed by the defendant was said to the secretary of the association, and all that he said in reply is absolute verity, and assuming further that the secretary had

authority to bind the association, it does not seem to us, in view of the assignment which was made six weeks after the alleged conversation took place, that an appropriation of the stock at its withdrawal value could be used at that time toward the payment of the mortgage. The meeting at which the conversation occurred was the last meeting held by the association. The next step in the winding up of its business was the assignment. This was evidence of insolvency or of the eve of insolvency, so as to render the appropriation, even if it had been made, inequitable and invalid.

It was held in Johnston v. Elizabeth B. & L. Assn., 104 Pa. 394, that the "declarations of the secretary of a corporation as to the amount due on a mortgage held by it are not admissible in evidence in a suit on the mortgage, unless it be shown that the secretary had authority to bind the corporation by such admissions. It is not sufficient to show that as secretary he had charge of the books and accounts of the corporation."

It was not shown, nor was there an effort to show, that the secretary had any authority to bind the corporation by a statement such as he is alleged to have made to the defendant in this case, nor does the testimony, in our view of it, amount to an appropriation by the defendant. According to her testimony, after stating that she had given the book, with $10.00 therein for the payment of her dues to Mr. Carroll, the secretary, she said: "A. He handed me back the change and told me that I was clear in the society, and he looked over his books and he looked over mine. Q. What is that? A. He told me I was clear of the society, and he looked over his books and looked over mine. Q. What did he say? A. He told me he would send me my papers and bring everything satisfactory to me, and for me to pay no more into the society—I was through—and I didn't go there any more until I got notice from Mr. Lewis about a year or so after this." There is no allegation that the defendant assigned her stock to the association or that she said or did anything which indicated an intention on her part to make an appropriation of the value of her stock toward the payment of the mortgage. Even if this had been so, as already shown, such an appropriation after the insolvency—and we take it the rule is

the same, if attempted on the eve of insolvency—would have been invalid.   Whether the statement of the secretary meant that, because of the insolvency of the company, she was through with it and should pay no more money, or what the interpretation might be, it is very clear from all the facts of the case, under very numerous authorities, that the declaration of the secretary did not bind the society and that an appropriation actually made by the defendant and accepted and assented to by the secretary could not affect the interest of the other shareholders adversely.

In Kurtz v. Campbell, 218 Pa. 524, affirming the case of Kurtz, Appellant, v. Campbell, 31 Pa. Superior Ct. 516, which was decided upon the authority of York Trust, etc., Co. v. Gallatin, 186 Pa. 150, and Erthal v. Glueck, 10 Pa. Superior Ct. 402, it was held that: "A borrower from a building and loan association has the right to elect to treat all past and future payments of dues on the stock as credits on the bond and mortgage, and to direct the officers of the association so to appropriate and credit the same.   In such a case it is immaterial that the appropriation was made in the assignment of the stock rather than on the bond and mortgage, when the assignment of the stock was concurrent with the delivery of the bond and mortgage, and the whole constituted one transaction.   The insolvency of the association does not affect an appropriation made prior thereto."   In that case the Supreme Court said: "This case is clearly within the rule of York Trust, etc., Co. v. Gallatin, 186 Pa. 150.   The majority of the court are of opinion that on principle that case was erroneously decided, but as it has stood on the books for nine years and many contracts have been made in reliance on it, the principle of stare decisis should prevail and the authority of that decision should not now be disturbed."

In this case, however, there is no direct evidence of an appropriation by the defendant.   It was not made to nor acquiesced in by any officer of the corporation who had authority to do so, and even if it had been so the association was on the eve of making an assignment and was undoubtedly insolvent at the time.

Practically the only assignment of error here is in the direction of the trial judge of the court below to the jury to find a verdict in favor of plaintiff for $1,343.47.  The statement, however, furnished by the plaintiff clearly shows that the defendant had credit for all payments made by her on her book which were deducted from the amount of the mortgage, leaving the balance, which with interest was the amount of the judgment. We find no error in directing the judgment for the plaintiff, nor in the amount for which it was entered.

Judgment affirmed.