The Constructors' Association of Western Pennsylvania, Appellant, *v.* Furman, Appellant.

Argued November 13, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*A. J. Marion,* with him *Smith, Marion & Balaban* and *McCrady & Nicklas,* for plaintiff.

*Montgomery, Thompson & Baily* and *Waychoff, Maxwell & Waychoff,* for defendant.

OPINION BY RENO, J., April 18, 1952:

At the new trial awarded by this Court, *Constructors' Association of Western Pennsylvania v. Furman,* 165 Pa. Superior Ct. 248, 67 A. 2d 590, the jury returned a verdict for Furman. The Association moved for judgment n.o.v. and a new trial. Judgment n.o.v. was refused and the Association appealed to No. 96 April Term, 1951. A new trial was granted and Furman appealed to No. 95 April Term, 1951.

The Association sued Furman for $1233.33, representing membership dues from 1941 to 1946. In the first trial Furman stood upon an alleged parol contemporaneous agreement exempting him from the payment of dues. After the case was remanded for a new trial he amended his answer by the averment: "That some time during the period between April 16, 1941 and April 22, 1942, the Complainant Association, by proper action of its Board of Governors in accordance with Section 13 of its By-Laws, expelled the Defendant from the Association so that the relationship between Com-

plainant and the Defendant was terminated by a written notice, mailed to and received by the Defendant, the said Roy E. Furman, during that period of time." By an amended reply the Association denied the expulsion. The trial revolved exclusively around this issue.

According to the Association's by-laws, introduced in evidence, the board of governors is authorized to expel "members for practices of acts which appear to be improper and injurious to the industry and the Association." The board may expel only upon charges "presented in writing by at least two members in good standing," and thereon a "hearing before the Board shall be arranged not later than one week after the receipt of the charges. Should the accused member not be willing to appear before the Board, but willing to present his arguments in writing, the majority vote of the Board shall determine the penalty in either case." (By-Laws, §13.) Provision is made for an appeal from the action of the board to the members of the Association.

The burden of proof was upon Furman. Since only the board was authorized to expel him, Furman was obliged to prove action by the board. The best evidence of the action of the governing body of a corporation is the record of the proceeding contained in its minutes. *Costa v. Croatian Fraternal Union of America,* 122 Pa. Superior Ct. 447, 185 A. 869. Where the minutes omit reference to the proceeding the action of the corporation may be proven by parol evidence. *Loeffler's Estate,* 277 Pa. 317, 121 A. 186; *Rose v. Independent Chevra Kadisho,* 215 Pa. 69, 64 A. 401; *Lincoln v. Christian,* 94 Pa. Superior Ct. 145. In any event and by some method Furman was required to prove that the board exercised its power to expel him. Instead, over objection, he was allowed to testify that he had received a letter, which he subsequently de-

stroyed, which informed him that he "was no longer a member." In answer to the question, "Who signed the letter, Mr. Furman?" he replied, "I think the executive secretary, Mr. MacGregor." MacGregor, formerly the executive secretary, died between the first and second trial.

Furman's testimony was incompetent and, as the court below held on the Association's motion for a new trial, should not have been received. Apart from the fact that the letter did not inform Furman that he had been expelled but merely notified him that he "was no longer a member", it was at most secondary evidence of a fact, the primary evidence of which was readily available to him, since the Association's minute books covering the period in question had been produced and authenticated at the trial. "Statements of officers of a corporation are not the best evidence of the official acts of the corporation": *Costa v. Croatian Fraternal Union of America,* supra, p. 451.

Another, and a more compelling, reason excludes Furman's testimony. Furman was testifying to a declaration of a supposed officer of the corporation which, in this controversy between the Association and a member, constituted an admission against the interest of the corporation. In the absence of proof that Mac-Gregor possessed authority to bind the corporation by such admission, Furman's testimony was not admissible. *Johnston v. The Elizabeth B. & L. Ass'n.,* 104 Pa. 394; *Equitable S. & L. Ass'n. v. Roland,* 198 Pa. 643, 48 A. 866; *Erthal v. Glueck,* 10 Pa. Superior Ct. 402; *Helping Hand B. & L. Ass'n. v. Buss,* 13 Pa. Superior Ct. 343; *Haspel v. McLaughlin-Lyons,* 38 Pa. Superior Ct. 334. The secretary of a corporation has no inherent power "to bind the corporation by letters or documents officially signed by him": 13 Am. Jur., Corporations, §908. "The secretary or treasurer of a cor-

poration cannot bind it by declarations or admissions unless they accompany the doing of some authorized act": 19 C. J. S., Corporations, §1071.

Moreover, although referred to below and in the arguments here as an officer of the corporation, Mac-Gregor was actually a mere *employe*. The by-laws provide for the *election* of officers, including a secretary, and fixed their terms of office at one year. Section 10 of the by-laws provides: "(a) The Board shall *employ* an Executive Secretary and fix his salary and shall approve the appointment of other field or office help and fix the salaries for their services. (b) *The duties of the Executive Secretary shall be defined by the Board.* (c) The Executive Secretary shall hold office at the discretion of the Board." (Emphasis added.) Manifestly, without proof of the duties and powers assigned and delegated to MacGregor by the board, his declarations or admissions against the interest of the corporation were not admissible.

Upon the motion of the Association for a new trial the learned trial judge held that he had erred "in submitting to the jury the question whether or not defendant [Furman] had been expelled from membership in plaintiff association prior to April 22, 1942." Accordingly, he granted a new trial for a legal error committed in the instant trial, and his order will be affirmed.

The Association's motion for judgment n.o.v. was also refused, and properly so. Only by expunging from the record Furman's incompetent testimony could the court below or this Court enter a judgment for the Association. But all the cases hold that in entering judgment n.o.v. under the Act of April 22, 1905, P. L. 286, as amended, 12 P.S. §681, et seq., the judgment must be entered upon the evidence in the record in the court below as it stood at the close of the trial. The

trial court and the appellate courts cannot eliminate evidence which may have been improperly admitted or insert offers of evidence which should have been admitted but were excluded. In either case the sole remedy is a new trial. For a vivid illustration of the application of the principle, see *Kotlikoff v. Master,* 345 Pa. 258, 27 A. 2d 35. See also the cases there cited, and *Henry Shenk Co. v. Erie,* 352 Pa. 481, 43 A. 2d 99; *Gaspero v. Gentile,* 160 Pa. Superior Ct. 276, 50 A. 2d 754; *Dixon v. Metropolitan Life Ins. Co.,* 136 Pa. Superior Ct. 573, 7 A. 2d 549.

In No. 95, the order of the court below awarding a new trial is affirmed.

In No. 96, the order refusing judgment n.o.v. is affirmed.