# Swank *versus* Phillips et al.

1. When a record of an agreement to purchase land which is legal evidence under the Act of February 21st, 1834 (P. L., 68), is rejected as evidence, but the original agreement is subsequently admitted in evidence, it is not a ground for reversal.

2. A purchaser of real estate who records his deed, takes subject to an outstanding title of which he had notice at the time of the purchase, though there was no record notice of the same.

3. It is the duty of the Court either to affirm or deny a well constructed and definite point submitted for instructions to the jury.

4. An incompetent witness cannot be permitted to testify under objection, even though it be on the same subject upon which an incompetent witness on the other side was permitted to testify without objection.

5. In an action of ejectment, one of several tenants in common, in whom an outstanding title is alleged to exist, the grantor of which is dead, is not a competent witness for the defendant, nor is the widow of the grantee of said outstanding title a competent witness.

March 15th, 1886. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, GREEN and CLARK, JJ. STERRETT, J., absent.

ERROR to the Court of Common Pleas of *Sullivan county:* Of July Term 1885, No. 106.

Ejectment brought by Henry Swank against Alfred Phillips and Jonathan Phillips, for 248 acres and 48 perches of land situate in Sullivan County. Plea, not guilty.

The following are the facts as they appeared on the trial before INGHAM, P. J.:

Some time prior to 1840, one David Phillips became the owner of the above mentioned land, and sold it or contracted to sell it to Iddo Arms. Arms failing to pay the purchase money according to contract, Phillips brought an action of ejectment, in Lycoming County, in which the land was then situated, and obtained judgment in his favor, and was again placed in possession of the land by the sheriff upon a writ of *habere facias possessionem.*

David Phillips used the place for a few years, cutting hay and doing other farming upon it until March, 1849, when he rented it to his son, Jonathan Phillips, for a period of seven years by a written lease. Jonathan Phillips remained upon the place from the spring of 1849 until the date of his death in 1860. After his death his widow and children remained upon the place a year or so, without a lease to them. In 1862 the widow leased this farm from David Phillips, by a written lease, for the period of one year from April 1st, 1862. At the expiration of this lease, at the request of David Phillips, the widow of Jonathan Phillips left the premises. Henry Swank, the plaintiff, then went into possession under David Phillips, by an agreement by which he was to farm the place upon shares. His agreement lasted until the 17th of October, 1863, at which time Henry Swank, being in actual occupancy of the land under David Phillips, entered into articles of agreement with David Phillips for the purchase of the land for fifteen hundred dollars. Swank paid a large part of the purchase money to Phillips at or shortly after this agreement was entered into. David Phillips moved to the state of Michigan, where he remained until his death. Some time after David Phillips moved to Michigan he executed his will, appointing Charles A. Palmer and Stephen Phillips executors.

After the death of David Phillips, and after probate of his will in the Probate Court of the county in which his residence

[Swank *v.* Phillips et al.]

in Michigan was at the time of his death, the executors hav ing probated the contract between David Phillips and Henry Swank in said Probate Court, and having proven to the said Court the fact that they had received from Swank the balance of the purchase money in full, made and executed to Henry Swank a deed for the land, by direction of said Court. Some years after the defendants came in the night time upon the premises, broke into the house situated on the land in controversy, which was unoccupied, and formally took possession of the house and premises.

Swank, to recover possession of the premises again, brought this action.

At the trial the plaintiff, after showing title in David Phillips by thirty years possession, offered in evidence the record of the deed from the executors of David Phillips to Henry Swank, which was rejected by the Court, on the ground that no evidence was shown that they were legally authorized to make such an instrument. (Second assignment of error.)

After the rejection of this deed the plaintiff offered in evidence the record of the agreement to purchase the said land between him and Phillips, dated October 17th, 1863. It was rejected by the Court because it was recorded after the bringing of the suit. (First assignment of error.)

The original agreement was subsequently offered and admitted in evidence.

The defendants claimed as the heirs of Jonathan Phillips deceased. They offered the following agreement as a conveyance of the title of David Phillips to their father, Jonathan Phillips :

" August 20th, 1850. I do hereby agree that Jonathan Phillips shall have the land of which he is in possession now, for the labor he done for me over age, and this shall be his receipt for all my rights and claims against the land.

"DAVID PHILLIPS."

The defendants called the widow of Jonathan Phillips. She having produced the above agreement was asked by their counsel : Did you see David Phillips sign that paper ? Plaintiff objected to the witness testifying to anything that occurred in the lifetime of David Phillips. The Court admitted the evidence. The witness does not appear to have answered this question, but answered the next questions :

*Q.* Were you well acquainted with David Phillips ? *A.* Yes, sir.

*Q.* Were you acquainted with his handwriting ? *A.* Yes, sir ; that is his. (Sixth assignment of error.)

Counsel for the defendants offered to prove by her and other

witnesses the declarations of David Phillips, made against his interest, in which he states that the ownership of the land in dispute is in Jonathan Phillips, and also to explain any ambiguity or looseness of description in the paper already in evidence and in support of the general tenor of that.

Counsel for plaintiff object.

1. It is not competent for a party to introduce the declarations of himself or those under whom he claims in his favor.

2. The declarations of David Phillips in regard to having sold or given the place to Jonathan Phillips, are not the proper evidence to identify the land mentioned in that paper, inasmuch as the paper says it is the land Jonathan Phillips was in possession of. The proper way is to prove the land Jonathan Phillips was in possession of.

3. The paper does not contain any latent ambiguity that is necessary for declarations to be given to explain. The paper itself is the best evidence of what it is.

THE COURT: Evidence admitted. (Seventh assignment of error.)

Counsel for defendants offer to prove by this and other witnesses that between the 20th of August, 1850, and 1st of April, 1862, David Phillips declared that Jonathan Phillips was the owner of this land; that he had given the land for what he had worked over age, and other matters of same effect.

Counsel for plaintiff object to this evidence for same reason as before given.

Evidence admitted. (Eighth assignment of error.)

The same witness, the widow of Jonathan Phillips deceased, being on the stand, counsel for defendants asked:

Q. State how your husband worked upon that place, and the manner of working.

Counsel for plaintiff object to this as irrelevant and immaterial.

Counsel for defendant state: The purpose of this offer is to show the manner of the work done upon the place, in order to rebut the terms of the lease between Jonathan and David Phillips.

Evidence admitted. (Tenth assignment of error.)

The Court admitted the evidence of John Phillips, a brother of the defendants and heir of Jonathan Phillips deceased, the bill of exception to this evidence being as follows:

John Phillips, sworn: I live in Scott township, Columbia County. I am a brother of these defendants.

Q. State whether you had a conversation with David Phillips, your grandfather, about 1860, in reference to the ownership of the land, and the circumstances under which it occurred.

Counsel for plaintiff object to this evidence, as the witness is a party in interest.

THE COURT: Inasmuch as Henry Swank has testified to matters in the lifetime of David Phillips, it being part of the record, we will not exclude the witness on that ground.

Evidence admitted. (Ninth assignment of error.)

There was much conflicting testimony as to whether Swank was a purchaser without notice of Jonathan Phillips's claim to the premises in dispute.

The defendants presented, *inter alia,* the following points:

4:—That the plaintiff claiming the land under an unrecorded conveyance, can not recover the land in dispute from the defendants who are in possession of the land claiming under a prior unrecorded conveyance from the same grantor.

Answer of Court:—In this case neither party has a deed and neither party has a conveyance upon record. The actual possession at the time of bringing suit is not the only criterion of equitable title. If the plaintiff purchased with notice that Jonathan Phillips died seized of that land, claiming to be owner, it was enough to put him upon inquiry; and notice of the equitable title of Jonathan Phillips may be inferred from evidence that he had such notice. (Third assignment of error.)

5:—That if the jury believe that Henry Swank had notice of the fact that Jonathan Phillips was the owner of the land, or was in possession of the land under a claim of ownership, the verdict of the jury must be for the defendant; and if from the evidence they believe that Henry Swank knew that Jonathan Phillips was in possession of the land for a number of years, that fact should be taken into consideration by the jury in determining the question of notice.

To this we reply: If the jury believe that Henry Swank had notice that Jonathan Phillips was the owner of the land or in possession of the land under claim of ownership at the time he died, he cannot recover in this action.

The Court in the general charge instructed the jury, *inter alia,* as follows:

In this case it appears that Jonathan Phillips did not put this conveyance to him upon record, neither did Swank put the agreement which he obtained upon record. Therefore we have these cases, two parties, neither of them having what is called a legal title to the land. Each of them having an agreement by which he claimed the land, yet neither complying with the law respecting the recording of deeds. These two parties therefore stand upon an equal footing so far as the recording Act is concerned. (Fourth assignment of error.)

But if he (Swank) had the means of knowing and such notice as should have put him upon inquiry, to find out by

what title this land was held, then he would no longer be an innocent purchaser; for however innocent his intentions might be, that notice is a notice which should have put him upon inquiry, and he might find the facts if he wanted to do so. (Fifth assignment of error.)

Verdict for the defendants and judgment thereon, whereupon the plaintiff took this writ, assigning for error the admission of the defendants' evidence, the answer to their fourth point, and those portions of the general charge as above indicated.

*E. M. Dunham* (*R. J. Thomson* with him), for plaintiff in error.—1. In support of our first assignment of error we need but cite the Act of February 21st, 1834, P. L., 68.

If the original was evidence, then the record would be: Curry v. Raymond, 4 Casey, 144.

2. The executor's deed was duly executed, acknowledged and recorded, and should have been admitted: Act of April 10th, 1849 P. L., 620.

3. Recording the title relates back to the date of the instrument and makes the instrument first on record prior in right: Poth v. Anstatt, 4 W. & S., 307; Penna. Salt Co. v. Neel, 54 P. S. R., 9.

4. Every presumption is in favor of the subsequent purchaser, when the former owner is guilty of neglect. Nothing short of evidence that taints his conduct with fraud can postpone the subsequent purchaser's title: Boggs v. Varner, 6 W. & S., 469.

In Hetherington *et al. v.* Clark, 6 Casey, 393, it is held that an unrecorded deed is void, and nothing short of recording it before the second purchaser does, can save the interest in the first vendee. In Meehan v. Williams, 12 Wright, 238, it is held "that possession or occupancy to be equivalent to constructive notice, must be clear, open, notorious, and unequivocal at the time of the purchase."

*Ellery P. Ingham* (*W. E. Crawford* with him), for defendants in error.—It is too late for a plaintiff to perfect his title after he has brought suit.

The plaintiff in ejectment must show in himself a right to the possession of the land at the time he commenced the action: Gailbraith v. Elder, 8 Watts, 101.

A plaintiff in ejectment cannot recover on a title acquired after suit brought: McCullock v. Cawher, 5 W. & S., 428; Alden v. Grove, 6 Harris, 385.

The plaintiff must, at the time suit is brought, have the entire right, he cannot afterwards strengthen it: Schrack v. Zubler, 10 Casey, 41.

That the offer of the record of the agreement was merely made to strengthen their title was proved by the fact, that after the record was rejected the plaintiff offered the original agreement, which was admitted. The plaintiff had the full benefit of the agreement before the jury.

If there was no authority in the will of David Phillips for his executors to make a deed to Henry Swank, and it does not appear that there was, then it required the decree of a Court having jurisdiction, authorizing specific performance of the contract. This jurisdiction is vested in the Orphans' Court in this state, and this jurisdiction is exclusive: Musselman's Appeal, 15 P. F. S., 488.

If incompetent evidence has been admitted on the one side it may be rebutted by the same kind of evidence on the other: Morris *v.* Travis, 7 S. & R., 220.

The widow and the son testified to nothing which was not clearly proven by other witnesses. The admission of incompetent evidence can not be assigned for error if the fact were subsequently established by other conclusive evidence: Wolverton *v.* The Commonwealth, 7 S. & R., 273; Kemerer *v.* Endleman, 23 Pa. St., 143.

The acts of a deceased person done against his interest, are evidence in favor of those claiming under him: Allegheny *v.* Beeson, 25 Pa. St., 278.

Where one has sold the same land to different persons, his declarations before the second sale are evidence against his second vendee: Stewart *v.* Richardson, 2 Yeates, 89.

Mr. Justice Trunkey delivered the opinion of the Court, October 4th, 1886.

That it was error to exclude the record of the agreement is too plain for question. It was legal evidence under the Act of February 21st, 1834, P. L., 68; Curry *v.* Raymond, 28 Pa. St., 144. But its rejection is not cause for reversal, for afterwards the original agreement was offered by the plaintiff, and admitted; otherwise the first assignment would have to be sustained.

When the plaintiff had the agreement recorded, the defendants were already in possession, and this action was pending. At the trial he did not claim to recover because his agreement was recorded—he claimed to be an innocent purchaser without notice. Nor is there anything in the statutes relative to recording of deeds to aid him. If he had notice of the outstanding title, it bars his recovery as effectually as if it had been recorded.

The defendants' fourth point, namely; "That the plaintiff claiming the land under an unrecorded conveyance, cannot re-

cover the land in dispute from the defendants, who are in possession of the land, claiming under a prior unrecorded conveyance from the same grantor," should have been unqualifiedly refused. Its mere refusal could not have been misunderstood. The answer was very nearly the substance of the defendants' fifth point. and also of the answer to that point, and also of what the Court had said respecting notice in the charge. It is but fair to the parties when one puts a well constructed and definite point, that it be either affirmed or denied. To do neither in express terms, and take occasion to repeat the substance of another point by the same party, is likely to be unsatisfactory to the other, if not ground for a reversal. Though a lawyer would understand the point was refused because it was not affirmed, it is uncertain whether the jury would so understand.

The defendants are two of the children of Jonathan Phillips, deceased, and claim under him as heirs. Against the plaintiff's objection, the widow and a son of said decedent were permitted to testify respecting matters which occurred in the lifetime of said Phillips. The Court gave no reason for so permitting the widow to testify, but remarked that the son would not be excluded, inasmuch as the plaintiff had testified to such matters.

In Morris v. Travis, 7 S. & R., 220, an action arising from a dispute about lines, the defendant was allowed to show the extent of his improvements on the land he had in possession, and this Court held it was competent for him to do so, if for no other reason, than to rebut the evidence the plaintiff had given on the same subject. That is the sole authority cited to support the ruling, that when an incompetent witness has testified on one side, no matter whether with or without objection, an incompetent witness must be admitted, if offered by the other side, to testify on the same matter. And we think the case has no application to the ruling. Had .objection been made to Swank and error committed in permitting him to testify, that error could not be corrected by committing another.

Was the brother of the defendants interested? If so, it is not pretended that the statute qualifies him. One of several tenants in common, in whom an outstanding title is alleged to exist, is not a competent witness for the defendant alleging his title. In such case the witness comes to maintain his own title, and to keep those in possession who recognize it. If the defendants succeed, the title of the witness is found by the verdict, and he can call on the defendants to attorn to him, or commence an action to recover possession : Lodge v. Patterson, 3 Watts, '74. A tenant in common is a competent witness for his co-tenant in an ejectment brought by the latter—

[Brossman *v.* Lehigh Valley R. R.]

in that case the co-tenant is interested in the question, not in the event of the suit: Bennett *v.* Hethrington, 16 S. & R., 193. It was there said " that a tenant in common is not competent to support the possession of his co-tenant when the latter is defendant in an ejectment, founded on a title adverse to the title of both." And the reasons were pointed out why a co-tenant is competent to testify when called by the plaintiff in an ejectment, and cannot be a witness for the defendant in an ejectment for the land.

Not only was the brother of the defendants, he being their co-tenant, incompetent, but so also was their mother. The moment their title is established, her right to the widow's interest under the intestate laws is established. Her interest in the event of the suit is certain. The sixth, ninth and tenth assignments of error are sustained.

In the Court below no point was made that the evidence was insufficient to warrant the jury in finding that the plaintiff, prior to his purchase, had notice of the title of Jonathan Phillips. On the contrary, the plaintiff's points indicate that he believed the evidence was sufficient to submit, for he prayed instruction that the plaintiff was entitled to recover if the jury found that he purchased in good faith, without notice of the title which the defendants claimed. Unless there was evidence of notice there was no question about it for the jury. At present nothing will be said of the sufficiency of the evidence. It may not be precisely the same at the next trial. Then, it may appear whether Griffith Phillips is a near relative of the children of Jonathan Phillips, or a stranger. At the argument it was not contended the instructions on the question of notice were erroneous, in case there was evidence to submit.

No error is in the rulings, complained of in the second, fourth, seventh and eighth assignments, and there is no occasion to note them specially.

Judgment reversed, and *venire facias de novo* awarded.