## Miller, Appellant, v. Cure.

*Deeds—Description—Monument on ground—Province of court and jury.*

In nearly all cases, where there is a dispute, the identity of a monument on the ground with that in the deed, contract or survey, is a question for the jury, but there are exceptions. Where the existence of a natural or artificial object on the ground is undoubtedly proven or admitted, the court may say to the jury that it corresponds to the description in the writing and they should so find. Where there is doubt as to its identity, or conflicting evidence, it is clearly a question of fact for the jury.

Where a reservation in a deed calls for an "outcrop of the conglomerate rock" as one of the boundaries of the land reserved, and it appears that there was a conspicuous ledge of conglomerate rock 1,300 feet in length which closed the boundaries of the reservation, the court may say as a matter of law that this ledge was the boundary called for, although there is evidence of a small and inconspicuous ledge of conglomerate rock about 200 feet long, which was a spur from the large ledge, but which did not close up the boundary.

Argued Feb. 24, 1903. Appeal, No. 7, Jan. T., 1903, by plaintiff, from order of C. P. Lackawanna Co., May T., 1899, No. 518, refusing to take off nonsuit in case of W. G. Miller v. George W. Cramer and John Cure. Before DEAN, FELL BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Ejectment for land in Blakely borough. Before NEWCOMB, J. The facts appear by the opinion of the Supreme Court.

*Error assigned* was order refusing to take off nonsuit.

*A. A. Vosburg* and *S. B. Price*, with them *C. W. Dawson*, for appellant.

*W. S. Diehl*, of *Watson, Diehl & Kemmerer*, for appellees.

PER CURIAM, March 9, 1903:

This was an ejectment for about thirteen acres of land in the borough of Blakely, Lackawanna county. Both parties claimed, under one Hartwell, who on December 19, 1882, conveyed by written agreement to plaintiff a tract of 110 acres, but, excepting and reserving thereout, all that portion, on the east cor-

ner, bounded on two sides by the Oakley and Sherrard lands, and then follows this language: "And on the remaining sides by the outcrop of the conglomerate rock." Afterwards, this piece reserved was on June 2, 1888, conveyed by almost exactly the same description to defendants. When Hartwell conveyed to Miller they went upon the land and viewed its boundaries; there was a ledge about fifty feet high of what was undisputedly the conglomerate rock extending for thirteen hundred feet almost up to the Oakley lot. Several rods east of this there was another small ledge, apparently a spur from the larger ledge, but it only extended about two hundred feet and did not nearly reach the Oakley and Sherrard land. The identity of the boundary rock in the contract with that on the ground gave rise to the dispute. If the boundary meant in the writing was the large ledge, the reservation contained about eighteen acres, if the small ledge, only four and one half.

The court decided, that the large ledge was meant by the description, which of course gave the verdict to defendant. It is argued that the court erred in not leaving this question to the jury. In nearly all cases, where there is a dispute, the identity of a monument on the ground with that in the deed, contract or survey, is a question for the jury; but there are exceptions. Where the existence of a natural or artificial object on the ground is undoubtedly proven or admitted, the court may say to the jury that it corresponds to the description in the writing and they should so find. Where there is doubt as to its identity or conflicting evidence, it is clearly a question of fact for the jury. Here, the writing called for the outcrop of the conglomerate rock; the fifty-foot ledge, obviously, was the real outcrop of that rock; it was plainly in sight when Hartwell, the grantor, and Miller, the grantee, were determining the boundary to be written in the contract. Hartwell testified that was the only outcrop he saw and the one he tried to insert in the contract; it was about thirteen hundred feet in length and closed the boundaries of the reservation. While there was evidence of the small ledge and that its composition was, geologically, conglomerate rock, it was inconspicuous and a mere spur from the large ledge which was the real outcrop of the conglomerate. Besides, it was only about two hundred feet long and did not reach to close up the boundary to either the Stewart

or Sherrard lots. We think the court was right in holding that on the undisputed evidence, the description in the contract could be applied only with certainty to the large ledge and could not, except on merest conjecture, be applied to the small one and therefore properly directed a nonsuit.

The judgment is affirmed.