# Dawson, Appellant. *v.* Coulter.

*Leases—Boundaries—Evidence—Oil and gas lease — Acreage— Recording leases—Declarations—Patent ambiguity.*

1. Evidence of the acreage of land in a deed or lease, especially where the number of acres is followed by the words "more or less," has little weight as against specific boundaries; but where a doubt exists as to the actual location of the boundary and the writing contains no words to definitely fix the line of either metes and bounds or monuments on the ground, evidence of acreage becomes a material factor in the determination of the intention of the parties as to the boundaries.

2. One who claims title to property through another, regardless of the nature of the transaction, whether by act of the parties or the act of law, is bound by earlier acts or declarations of his predecessor and takes title cum onere. Under this rule all acts and declarations of the owner of land made during the continuance of his interest tending to show the character or extent of his possession or interest, or the location of boundaries, are competent evidence not only against himself but also against those who claim through or under him.

3. In an action of ejectment for fourteen acres of oil and gas land the defendants claimed under a lease which fixed the northern boundary as the remaining land of the lessor and stated the tract contained "fifty acres more or less." The plaintiffs claimed by a subsequent lease from the same lessor. In this lease the acreage was stated to be "185 acres more or less" and the southern boundary was stated to be line of the land included in the earlier lease to defendants. Neither lease gave courses, distances or monuments on the ground as to this boundary line. At the time the second lease was executed the first had not been recorded but was placed on record subsequent to the recording of the second. The dispute in the ejectment was as to the location of the boundary line between the leases. *Held,* (1) that defendants were entitled to show by parol evidence that the acreage in plaintiff's lease exceeded the quantity included within the boundaries of such lease as contended for by defendants; (2) that defendants were entitled to show declarations of lessors prior to the execution of the lease to defendants with respect to the location of the boundary line in dispute; and (3) that this was not a case of patent ambiguity which excluded parol evidence, inasmuch as such evidence is admissible, not to contradict the writing, but to explain its terms by giving locality and identity to the subject-matter of the contract.

Argued Oct. 9, 1918. Appeal, No. 121, Oct. T., 1918, by plaintiffs, from judgment of C. P. Beaver Co., June T., 1917, No. 324, on verdict for defendants in case of T. C. Dawson et al., doing business as Hanover Oil Company, v. D. J. Coulter, C. Woodling and C. W. Tope. Before STEWART, MOSCHZISKER, FRAZER, SIMPSON and FOX, JJ. Affirmed.

Ejectment for fourteen acres of oil and gas land in Hanover Township. Before BALDWIN, P. J.

Verdict and judgment for defendants. Plaintiffs appealed.

*Errors assigned* were various rulings on evidence sufficiently appearing by the opinion of the Supreme Court.

*William A. McConnel,* with him *J. Sharp Wilson,* for appellants.—The negotiations and conversations did not occur at the time the lease in question was executed, but several weeks prior thereto and of course the law is well established that all prior negotiations, stipulations, agreements and conversations are presumed to have been merged into the written contract and may not be proved by parol evidence: Cozens v. Stevenson, 5 Sergeant & Rawle 420; McKennan v. Doughman, 1 Penrose & Watts 417; Rearick v. Rearick, 15 Pa. 66; Frey v. Heydt, 116 Pa. 601.

The description of the northern line contained in the Coulter lease is a patent ambiguity and parol evidence is never admissible to explain a patent ambiguity contained in a written contract: Kelley v. Kelley, 25 Pa. 460.

*F. C. Reader,* of *Hice, Morrison, Reader & May,* with him *Morehead & Marshall,* for appellee.—The plaintiffs are affected with notice of, and in law are presumed to know, such facts as could have been ascertained by them by reasonably diligent and intelligent inquiry: Hottenstein v. Lerch, 104 Pa. 454; Long v. Shields, 20 Pa. Superior Ct. 559; In re Tabor Street, 26 Pa. Superior Ct. 167; Rozelle v. Lewis, 37 Pa. Superior Ct. 563.

Parol evidence was admissible to establish the northerly line of the defendants' lease as a line fixed upon the ground by the lessors at and immediately before the making of the lease: Burkholder v. Markley, 98 Pa. 37; Blasdell v. Bissell, 6 Pa. 258; Metcalf v. Buck, 36 Pa. Superior Ct. 58.

There was no patent ambiguity: Bertsch v. Lehigh Coal & Navigation Co., 4 Rawle 130; McCullough v.

Wainright, 14 Pa. 171; Hetherington v. Clark, 30 Pa. 393; Place v. Proctor, 2 Pennypacker 264; Lycoming Mut. Ins. Co. v. Sailer, 67 Pa. 108; Rook v. Greenewald, 22 Pa. Superior Ct. 641; Everhart v. Dolph, 133 Pa. 628.

OPINION BY MR. JUSTICE FRAZER, January 4, 1919:

On March 30, 1915, the owners of several adjoining farms in Hanover Township, Beaver County, leased to D. J. Coulter and others, defendants, for oil and gas purposes, a part of the land "containing fifty acres more or less" describing three sides of the property by reference to public highways and lands of third persons and the fourth "North by lands of first party."

On December 18, 1915, the same owners made a second oil and gas lease for "185 acres more or less" in which Thomas C. Dawson, one of the plaintiffs, was named as lessee. The southern boundary line in this lease was described as "lands of parties of the first part, now under lease to D. J. Coulter and others." Neither lease gave courses or distances. At the time the second lease was executed the first had not been recorded but was placed on record subsequent to the recording of the second. A dispute arose between the lessees of the two leases as to the exact location of the dividing line between their respective properties, and this action in ejectment was begun by the holders of the second lease against the lessees under the first to determine the right of possession to fourteen acres claimed by both parties. Plaintiffs contend the boundary is a line drawn at such point as to give defendants the fifty acres called for in their lease and no more. Defendants claim, on the other hand, the line intended by the parties as the true boundary is the location of an old fence, referred to as the "Patton line," which formerly divided the two tracks, and offered parol evidence of acts and declarations of the common lessors made, before the execution of their lease, showing an understanding that the fence should be the dividing line. A verdict was returned for defendants

upon which judgment was entered and plaintiffs appealed.

The question raised for our determination concerns the admission of parol evidence relating to the division line between the two tracts. The first and second assignments of error are based on the action of the trial judge in admitting evidence on behalf of defendants to show that, under defendants' contention as to the location of the dividing line, plaintiffs' tract actually contained more land than the acreage called for in their lease. These assignments cannot be sustained. Evidence of the acreage of land, especially where, as in this case, the number of acres is followed by the words "more or less" has little weight as against specific boundaries and is in its nature an uncertain method of description and often a mere estimate. Where, however, as here, a doubt exists as to the actual location of the boundary and the writing contains no words to definitely fix the line by either metes and bounds or monuments on the ground, evidence of acreage becomes a material factor in the determination of the intention of the parties; it was, therefore, competent for defendants to show that the quantity of land called for in plaintiff's lease and the quantity included within the boundaries as contended for by defendants, correspond with each other or that, in fact, the latter exceeded the former: Everhart v. Dolph, 133 Pa. 628; Western Mining & Mfg. Co. v. Pextona Cannel Coal Co., 8 W. Va. 406, 417. This evidence corroborated other testimony offered by defendants and tended to show the location of the boundary line as claimed by defendants to be the true one.

The remaining assignments relate to the admission of parol evidence and declarations of the lessors previous to the execution of the lease to defendants with respect to the location of the division line between the two properties. Although the first lease had not been recorded at the time the lease of the adjoining property to plaintiffs was made, it was referred to in the latter and plain-

tiffs were put upon inquiry as to the terms of the former to ascertain the true location of the uncertain line: Hottenstein v. Lerch, 104 Pa. 454; Greenwich Coal & Coke Co. v. Learn, 234 Pa. 180, 190. It is true an examination of the terms of defendants' lease would still have left a doubt as to the exact location of the northern boundary, as no monuments or distinguishing marks were referred to. This situation would have imposed upon plaintiffs, in the exercise of reasonable diligence, the duty of making further inquiry of the parties and have disclosed the fact that their lessors and defendants had agreed upon the Patton fence as the line. That such agreement, where the boundary line referred to in the writing is indefinite, would be binding on plaintiffs as subsequent lessees cannot be disputed. The general rule is that one who claims title to property through another, regardless of the nature of the transfer whether by the act of the parties or the act of law, is bound by earlier acts or declarations of his predecessor and takes the title cum onere: Gibblehouse v. Stong, 3 Rawle 437; Floyd v. Kulp Lumber Co., 222 Pa. 257. Under this rule all acts and declarations of the owner of land made during the continuance of his interest tending to show the character or extent of his possession or interest, or the location of boundaries, are competent evidence not only against himself but also against those who claim through or under him: Hiester v. Laird, 1 W. & S. 245; Gibblehouse v. Stong, supra; Gratz v. Beates, 45 Pa. 495; Bennett v Biddle, 150 Pa. 420; Henry's Trial Evidence, Section 88, 91. Under this rule plaintiffs stand in the position of their lessors and their rights are subject to the limitation applicable against the latter and, accordingly, all acts and declarations of the latter tending to fix the location of the line dividing the two tracts are competent evidence.

This is not a case of patent ambiguity which excludes parol evidence, as argued by counsel for plaintiffs. The lease to defendants fixed the northern boundary as the

remaining land of lessor and the area of the tract as "fifty acres more or less." The description in the subsequent lease to plaintiffs fixed as the southern boundary of their tract the line of the land included in the earlier lease to defendants, also stating it contained a specified number of acres "more or less." The south line of the remaining lands of the lessor when the earlier lease was made thus became a material factor and the necessity of locating the line by monuments, if any existed, was not obviated by the subsequent estimate of the contents of the land, and parol evidence to show the location of the actual division line on the ground, if such line existed, did not contradict the written lease but merely tended to explain its terms by giving locality and identity to the subject-matter of the contract. For this purpose the evidence was clearly admissible: Bertsch v. Lehigh Coal & Navigation Co., 4 Rawle 129, 139; Everhart v. Dolph, supra.

The judgment is affirmed.