---

# Powell *v*. Schœnfeld, Appellant.

*Evidence—Competency of witness—Party dead—Oil and gas lease—Forfeiture—Estoppel—Waiver—Act of May 23, 1887, P. L. 158.*

1. Where in an action of ejectment for oil and gas land, it appears that plaintiffs claimed under a lease, and that defendants claimed under a lease of the same land from the heirs of the lessor, who had executed the second lease in pursuance of forfeiture because of the failure of the plaintiffs to drill a well within the time

limit in their lease, it is reversible error to permit one of the plaintiffs to testify that the lessor in his lifetime claimed that a well which had been drilled by plaintiffs under a lease to plaintiffs of adjoining land from another owner, had really been drilled on his land, and in effect accepted this well as a compliance with the conditions of his lease to plaintiffs.

2. In reversing such a judgment, however, the appellate court will not direct judgment for defendant n. o. v. where there is other evidence apart from that which was incompetent, from which a jury might infer that when the well in question was discovered on the land of the decedent it was accepted by the deceased or his heirs as performance of the conditions of the lease held by the plaintiffs.

Argued Oct. 10, 1918.   Appeal, No. 94, Oct. T., 1918, by defendant, from judgment of C. P. Butler Co., March T., 1917, No. 32, on verdict for plaintiffs in case of W. V. Powell et al. v. W. A. Schœnfeld.   Before STEWART, MOSCHZISKER, FRAZER, SIMPSON and FOX, JJ.   Reversed.

Ejectment for oil and gas land in Parker Township. Before REIBER, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiffs.   Defendant appealed.

*Errors assigned* were in admitting the evidence of W. V. Powell, and various instructions.

*W. D. Brandon,* with him *J. Campbell Brandon* and *T. C. Campbell,* for appellant.—Powell was incompetent: Duffield v. Hue, 129 Pa. 29; Sutherland v. Ross, 140 Pa. 379; Rudolph v. Rudolph, 207 Pa. 339.

Under the Act of June 11, 1891, P. L. 287, a surviving party cannot be called unless the living witness to the transaction between himself and the deceased has already testified. His competency is to be determined by the condition of things at the time he is called, and he is not rendered competent by the fact that the other side subsequently calls the living witness: Roth's Est., 150 Pa. 261; Krumine v. Grenoble, 165 Pa. 98; Kauss

v. Rohner, 172 Pa. 481; Sunday v. Dietrich, 16 Pa. Superior Ct. 640; Wright v. Hanna, 210 Pa. 349; Shroyer v. Smith, 204 Pa. 310; Montelius v. Montelius, 209 Pa. 541.

*John H. Wilson*, with him *Levi M. Wise*, for appellees.

OPINION BY MR. JUSTICE FRAZER, January 4, 1919:

On February 15, 1913, Levi Campbell leased to W. V. Powell, one of the plaintiffs, for oil and gas purposes, a forty-acre tract of land situated in Butler County. The lease, which was subsequently assigned to plaintiffs, was for a term of two years and so long thereafter as oil or gas in paying quantities was produced from the premises, operations to begin within sixty days, with a quarterly rental to be paid until work was commenced. The rental was paid January 5, 1915, no well having been drilled to that time; the lease expired February 15, 1915, by virtue of its terms, unless the matters hereinafter considered are accepted as a compliance with the condition requiring gas or oil to be produced in paying quantities within the time specified. Campbell, the lessor, died December 31, 1914, and, on September 30, 1916, his heirs executed to defendant a lease for sixty acres for oil and gas purposes which included the tract leased to Powell. Plaintiffs then brought ejectment, claiming their lease was still in force by reason of the completion, since August, 1914, of a well drilled by them on property held under a lease from an adjoining owner, which was found, in fact, to be within the line of the Campbell property, and further that lessors, by their acts in claiming the well as being on their property, were estopped from declaring the lease forfeited because of failure to comply with its conditions. A verdict for plaintiffs was returned by the jury and a subsequent motion for judgment for defendant non obstante veredicto was dismissed. From the judgment entered on the verdict defendant appealed.

On June 23, 1913, Ella Smith, the owner of an adjoining tract of land, made a lease of the property to Powell, which was later assigned to plaintiffs, for oil and gas purposes, and in August, 1914, plaintiffs completed a well which has produced oil in paying quantities to the present time. A royalty on the production was paid to Mrs. Smith from the time oil was obtained until the latter part of 1914. The well was located a few feet from a fence which for a period of many years had been looked upon as the dividing line between the Campbell and Smith farms. In the latter part of November, 1914, an attorney for Campbell, the lessor, notified Powell, the original lessee, that the well assumed to have been drilled on the Smith farm was, in fact, located within the lines of the Campbell property. On December 8, 1914, Campbell went on the ground with a surveyor for the purpose of determining the exact location of the division line between the two farms and surveyed the property, which survey when subsequently completed showed the well to be, in fact, located on the Campbell tract and within about seven feet of the Smith line.

The first assignment of error is to the testimony of W. V. Powell, one of the plaintiffs, received under objection, concerning his conversations with J. W. Hutchison, Esq., attorney for Campbell, in which Powell testified Campbell claimed the royalty from the well as belonging to him and in effect accepted the well as a compliance with the conditions of the lease. The admission of this testimony was error. Upon the death of Campbell his interest passed to his heirs through whom defendant claimed by virtue of his lease. The subject-matter of the controversy was the lease between Powell and Campbell and on the death of the latter, the former, under Sec. 5, clause e, of the Act of May 23, 1887, P. L. 158, became incompetent to testify as to matters occurring before Campbell's death: Duffield v. Hue et al., 129 Pa. 94; Sutherland v. Ross, 140 Pa. 379.

Although the case must be reversed because of improper admission of the testimony above referred to, judgment cannot be entered for defendant non obstante veredicto for the reason other evidence appears, aside from the incompetent testimony of Powell, from which the jury might infer the well in question was accepted by deceased or his heirs as performance of the conditions of the lease held by plaintiffs, and a waiver upon their part of the necessity of drilling an additional well. Levi Campbell accompanied the surveyor to the land and pointed out the line surveyed and marked in such position as to locate the well within the boundary of the land leased by him to Powell. Samuel Campbell, one of the heirs of Levi Campbell, was also present and assisted in the survey which located the well on the Campbell tract; no demand, however, was subsequently made by him or any of the heirs, that plaintiffs proceed to drill a second well in compliance with the requirements of their lease, although they were aware plaintiffs were relying upon the well as being a fulfilment of their obligation and had ceased to pay royalties to Mrs. Smith. There also is evidence of negotiations for settlement of the dispute between the adjoining land owners, and a suggestion by Mrs. Smith that a well be drilled on her land in lieu of the existing one. On the whole, the evidence is sufficient, if believed by the jury, to warrant the conclusion that the Campbell heirs had waived the drilling of an additional well upon discovering the one in dispute was, in fact, located on their land, in which case they would be estopped from declaring a forfeiture without due notice to plaintiffs

The judgment is reversed with a venire facias de novo.