Commonwealth ex rel. Kelley, Appellant,
et al. *v.* McBride.

Argued November 24, 1937. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Maurice J. Speiser,* with him *Herbert A. Speiser,* of *Speiser & Speiser,* for appellant.

*John J. McDevitt, Jr.,* with him *Joseph M. Leib,* for appellee.

OPINION BY MR. JUSTICE BARNES, January 3, 1938:

The suggestion for the writ of quo warranto filed in the court below sets forth that John J. O'Malley, on November 19, 1935, was duly elected and qualified as a magistrate in the city of Philadelphia, and pursuant to the Act of May 10, 1927, P. L. 866 (Magistrates' Courts Act, 1927), was elected the Chief City Magistrate by a majority of the magistrates then in office, for a term to expire on the first Monday of January, 1942; that the respondent, James W. McBride, is unlawfully attempting to exercise the powers and duties and to intrude himself into said office, contrary to law. In his answer respondent avers that pursuant to the

"1937 Magistrates' Court Act" the office of Chief City Magistrate theretofore occupied by O'Malley, has been abolished and that the Governor of Pennsylvania appointed respondent to the office of Chief Magistrate created by the Act of 1937; that he is lawfully entitled to the office which he claims.

Our decision must depend on the proper construction of the "1937 Magistrates' Court Act." Respondent contends that the act abolished the office of Chief City Magistrate theretofore held by O'Malley, and lawfully ended his term of office. On the other hand, O'Malley relies on Article VI, Section 4, of the Constitution of this Commonwealth, providing that "Appointed officers other than judges of the courts of record and the Superintendent of Public Instruction may be removed at the pleasure of the power by which they shall have been appointed." Although he was *elected* by the Board of Magistrates, the Chief City Magistrate is, in our opinion, an *appointed* officer within the meaning of this constitutional provision: *Com. ex rel. v. Likeley*, 267 Pa. 310; such officers can be removed only in accordance with that provision: *Com. ex rel. v. Kelly*, 322 Pa. 178.

Respondent asserts that the Act of 1937 did much more than end the term for which O'Malley had been elected Chief City Magistrate; that it created an office giving the Chief Magistrate not only the power theretofore exercised by the Chief City Magistrate, but that new and additional powers are vested in him by the creation of the civil division of the Magistrates' Courts in Sections 21 to 30 of the Act. For the reasons given in *Rutenberg v. Philadelphia*, 329 Pa. 26, we have been required to hold that all of those Sections are invalid and of no effect. After eliminating them from the statute the conclusion is unavoidable that the remaining provisions, although sustained by us, make no such substantial changes in the office of Chief Magistrate which would permit this court to declare that O'Malley had been

removed from office in the manner provided by law: *Suermann v. Hadley,* 327 Pa. 190.

The judgment is reversed and the record is remitted that judgment may be entered in accordance with this opinion, costs to be paid by the appellee.