## Leland et al., Appellants, *v.* Firemen's Insurance Company of Newark, New Jersey.

Argued September 29, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Henry A. MacDonald,* with him *Walter H. Scott* and *Gunnison, Fish, Gifford & Chapin,* for appellants.

*Alban W. Curtze,* with him *John B. Brooks* and *I. J. Silin,* for appellee.

OPINION BY BALDRIGE, J., November 21, 1938:

Plaintiffs brought this action on a fire insurance policy to recover damages resulting from partial destruction of their property by fire. The jury returned a verdict for the plaintiffs in the sum of $811. The trial court granted defendant's motion for judgment n. o. v., and from this ruling plaintiffs appealed.

The point in dispute is: Was the evidence sufficient to submit to the jury the question whether the defendant company waived the provision in the policy requiring the filing of formal proofs of loss within the 60-day period? We think it was.

This case was before us on a previous appeal, involving the question whether the plaintiff was entitled to amend his action by adding the names of additional parties (see *Leland et al. v. Firemen's Ins. Co.,* 127 Pa. Superior Ct. 533, 193 A. 475).

The facts pertinent to the present issue are as follows:

On July 21, 1930, the defendant issued its policy insuring the appellants against loss or damage by fire to a dwelling house, No. 527 West Washington Street, Corry, Pennsylvania. A fire, which the evidence strongly indicated was of an incendiary origin, occurred on March 20, 1936, partially destroying the interior of

the dwelling covered by the policy. Ben F. Anderson, an insurance adjuster, doing business under the name of the Anderson Adjustment Company, testified that his company was retained to look after the interest of the insurance company and that he requested a Mr. Hammond to make an appraisal of the property loss and that he also made an inspection of the house about five days after the fire.

There can be no question that the insurance company had notice of the loss, as on March 29, 1933, 9 days after the fire, it gave Leland written notice of the cancellation of the policy, stating therein: "The above notice will not affect liability, if any, for loss and damage alleged to have occurred on March 20, 1933."

Walter H. Scott, Esq., attorney for plaintiffs, testified that on April 7th or 8th a representative of the Anderson Adjustment Company stated to him that "he wasn't prepared to say the company would pay it because there was a question of incendiarism, but for me to have the property appraised by a local contractor and he would do the same by another contractor for the company and then we would take up the question of incendiarism." Scott had an appraisal made of the damage by Glenn Miller, a contractor, and on April 25th sent the appraisal, amounting to $811, to the Anderson Adjustment Company. A representative of that company told Scott late in April or early in May that the appraisement had been received and "it was satisfactory, but they were not authorized to settle as yet for the reason the question of incendiarism still hadn't been settled."

On May 17, 1933, formal proofs of loss were signed and sworn to by the Saracenos who were in possession of the property. On May 22d, 63 days after the loss, these proofs were forwarded to the defendant company. This in no wise prejudiced the plaintiffs, for, if a company waives the requirement of a technical proof of loss

and thereafter the insured furnishes it, he does not lose any rights if there was an original waiver: 26 C. J. 393; *Fedas v. Ins. Co. of State of Penna.,* 300 Pa. 555, 151 A. 285. Waiver may be shown by parol testimony: *Bush v. Hartford Fire Ins. Co.,* 222 Pa. 419, 71 A. 916; or may be inferred from the circumstances: *Hoffman v. Mutual Fire Ins. Co. of Reading,* 274 Pa. 292, 117 A. 917; *Simons v. Safety Mutual Fire Ins. Co.,* 277 Pa. 200, 120 A. 822; *Fedas v. Ins. Co. of State of Penna.,* supra.

In *Fedas v. Ins. Co. of State of Penna.,* supra, the leading case on the question of the essentials to establish a waiver of furnishing proofs of loss, the insurance company had notice of the loss but declined to make payment within the 60 days, alleging criminality by the assured in starting the fire, but recovery was allowed even though no proofs of loss were filed within the 60-day period. Mr. Chief Justice KEPHART, in delivering the opinion of the court, said (p. 560): "Appellee had prompt notice of the loss, as its agent visited the place where the fire occurred. It had through its adjuster refused payment on other ground than failure to file the proof of loss. Of what avail was it thereafter? A 'proof of loss' is to acquaint the insurance carriers with the amount of loss from the insured's viewpoint. If its representative adopts another method of ascertaining the loss, or states that it will not pay any loss, what would be the use of filing a proof of loss? A policyholder need not do a vain thing, nor is he to be prejudiced for failure to observe a technicality, the performance of which would be useless."

The authority of an insurance company's representative to waive the filing of the proof of loss as required by the terms of the policy may be established by the testimony of the agent as he is a competent witness to testify to the authority given him by his principal:

*Isaac et al. v. D. & C. Mutual Fire Ins. Co.,* 301 Pa. 351, 152 A. 95; *Vahlsing v. H. Rothstein & Sons,* 107 Pa. Superior Ct. 281, 163 A. 350.

In *Bobereski, Admr. v. Ins. Co. of State of Penna.,* 105 Pa. Superior Ct. 585, 589, 161 A. 412, we said: "The waiver of the furnishing of formal proofs of loss by an authorized adjuster of the company is a question of fact to be determined by the jury. The courts have held that a waiver may be inferred from any act evidencing a recognition of liability or a denial of liability on some other ground. It may be shown by parol in express language, or may appear by necessary implication."

In *O'Connor v. Allemannia Fire Ins. Co.,* 128 Pa. Superior Ct. 336, 194 A. 217, we stated that while ordinarily an adjuster employed by the insurer to appraise and determine the loss or damage by fire sustained by the insured does not have the authority to waive any of the provisions or conditions of the policy, a duly authorized representative of the insurer may, by his conduct, estop the company from strictly enforcing the limitation prescribed in the policy, if the failure to bring the suit was brought about by him. We held in that case that the language used by the manager of the defendant company in notifying the insured of the adjuster's appointment to "look after [its] interest in connection with any claim under the said policy" was broad enough to clothe the adjuster with apparent authority to represent the company in the settlement of claims and to extend the time for bringing suit on the policy, and was sufficient to justify the jury in concluding that the agent was acting within the scope of his authority in doing so.

In *Lapcevic v. Lebanon Mutual Ins. Co.,* 40 Pa. Superior Ct. 294, 298, the total stock of merchandise in plaintiff's store was burned and the defendant rejected an offer of compromise made by the insured's adjuster. The court expressly stated that the submission of proofs

of loss was required as the peculiar nature of the loss made proofs necessary, but it indicated that informal notice to the insurance company is sufficient in other types of loss. In *Stoyer v. Franklin Fire Ins. Co.*, 114 Pa. Superior Ct. 555, 174 A. 628, the insurance company had no knowledge of the loss whatsoever until eight months thereafter.

It was within the province of the jury in the case at bar to determine the extent of the agent's authority and whether, after the immediate notice given the insurer, the refusal to settle on the ground of alleged incendiarism was a waiver of the policy's requirement as to the filing of proofs of loss.

The learned court below in entering judgment for the defendant n. o. v. stated: "Upon review of the record the court is convinced that the verdict was so contrary to the weight of the evidence as to be shocking to judicial conscience and should not be allowed to stand. We would feel compelled to grant defendant's motion for new trial except for the conclusion that the defendant was entitled to binding instructions in its favor, and therefore now the motion for judgment in defendant's favor and against the plaintiffs n. o. v. should be entered."

The appellants contend that a new trial should not be granted in the event of a reversal of the judgment, as they are entitled to a judgment on the verdict. The Act approved June 24, 1895, P. L. 212, §8 (17 PS §192) gives this court broad powers in disposing of cases appealed thereto: "It may affirm, reverse, amend or modify any order, judgment or decree as it may think to be just, or it may return the record for further proceedings in the court below." Accordingly, we make the following order:

Judgment is reversed at appellee's costs, and we direct the court below to enter judgment for the plaintiffs unless it sees fit to reinstate the motion for a new

trial, in which event that may be done; then the costs of the appeal will await the final determination of this suit.