Pittsburgh Outdoor Advertising Company *v.* Surowski (et al., Appellant).

384

Argued November 12, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

E. J. I. Gannon, with him Hazlett, Gannon & Walter, for appellant.

E. B. Strassburger, with him Max U. Applebaum, E. B. Strassburger, Jr., and Strassburger & McKenna, for appellee.

OPINION BY HIRT, J., March 23, 1949:

At the close of the proofs in this ejectment case a verdict was directed in plaintiff's favor for the land described in the writ. The jury, on the remaining issue of mesne profits, found for the plaintiff in the sum of $300. Judgment was entered on these verdicts by the court en banc. Defendant seeks a new trial contending that the question of title to the land involved was also for the jury. The judgment will be affirmed.

The dispute goes to a small rectangular piece of land 60 by 125 feet, well up on a steep and rocky hillside in East Deer Township, Allegheny County, upon which the defendant since 1941 has maintained a large signboard, for advertising purposes. The small plot has value for such uses. The signboard in that location is so conspicuous that those in south bound traffic on nearby State Highway No. 70 can hardly avoid seeing it. The testimony clearly establishes plaintiff's title to the land. The controlling narrow question is whether the court

violated the principle of *Nanty-Glo Boro. v. Amer. Surety Co.,* 309 Pa. 236, 163 A. 523, in so holding as a matter of law.

The common source of title, both of the plaintiff and the defendant goes back to John R. Himelright, who owned the entire tract fronting on the west line of the highway then known as Freeport Road. In 1892 he conveyed all of the land to plaintiff's predecessor in title, excepting two acres previously conveyed to one Henry Eberline. He reserved also a lot adjoining Eberline on the south, fronting 100 feet on the highway and extending westwardly "parallel with said Eberline's property aforesaid of equal length therewith." In the deed to Eberline, the "length" of his lot was described as 281 feet extending westwardly from the highway *"to the lower ledge of rocks in the hill".* The adjoining land which defendant now owns is described in the deed of Himelright to plaintiff's predecessor in title and in all other mesne conveyances as "having a front of 100 feet on the North side of Freeport Road [now State Highway Route 70] and extending back North preserving an equal width of 100 feet throughout a distance of 280 feet, *more or less, to a bench of rocks".* We have emphasized the phrases in the two deeds which refer to a bench or ledge of rocks as a natural monument. The significance of these references gives rise to the present controversy.

All of the relevant testimony supports plaintiff's claim of title to the small piece of land in dispute. There is no conflict between the descriptions of the lands of the parties when plotted according to the courses and distances contained in their deeds. Two separate and distinct surveys were made of the land of plaintiff and of the defendant with particular reference to the location of the signboard. One was made by a qualified registered surveyor at plaintiff's instance; the other survey was made by an impartial registered engineer appointed for the purpose, by the court. Both appeared

as witnesses in this case and the plans reflecting the results of their respective surveys, admitted in evidence, are almost identical. These surveys show that the west line of defendant's lot as described in his deed coincides throughout its entire width of 100 feet with the east line of plaintiff's land. The small rectangle in question here, which defendant appropriated for the erection of its sign is wholly within the limits of the description of plaintiff's deed. The signboard throughout its entire length, of perhaps 100 feet, is about 35 feet west of defendant's west line, as fixed by the surveys.

Defendant however contends that the depth of his lot is not limited to 280 feet from the old Freeport Road according to the call of his deed, but extends westwardly beyond that line to the "bench of rocks" referred to in his deed, which western boundary also is "the lower edge of rocks in the hill" referred to in the Eberline deed. He claims that his land running to this ledge or bench as a monument, includes the rectangle upon which his sign appears.

The general rule is that "where there is a conflict between monuments, whether natural or artificial, and the courses and distances named in a deed, the former must control and the distances must be contracted or extended and the courses deflected so as to accord with the monument": *Miles Land Co. v. Hudson Coal Co.*, 246 Pa. 11, 14, 91 A. 1061. The rationale of the rule is that mistakes are deemed more likely to occur with respect to courses and distances than as to objects which are visible and permanent: 6 Thompson on Real Property, § 3327. This rule of construction however cannot come to the aid of defendant under the facts of this case for a number of reasons. There is evidence that there has been a slipping of this hillside to some extent, and a breaking off of rock from the upper precipitous part of the hillside. Defendant contends that the sign is on a bench of fallen rocks and that his deed carries

title to the location of the sign. The conveyance to defendant refers to conditions existing in 1892 and the survey of the impartial engineer locates a bench then existing which meets the call of defendant's deed. The top of this bench or ledge is a few feet west of defendant's west line. Moreover, in any view, the conveyance to defendant of a lot 280 feet deep "more or less" cannot carry title to an additional depth of 35 feet. "The words 'more or less' have been frequently construed as words of safety and precaution, intended to cover some slight or unimportant inaccuracy, not so gross as to justify a suspicion of wilful deception or mistake amounting to fraud, and of which the purchaser takes the risk as to quantity": *Marino v. Moffa,* 68 Pa. Superior Ct. 621. Cf. *Dawson v. Coulter,* 262 Pa. 566, 106 A. 187.

In the present case a directed verdict for the plaintiff was proper because based upon the uncontradicted documentary evidence of the two surveys. As in *Com. of Pa. v. Long et al.,* 110 Pa. Superior Ct. 1, 167 A. 433, if the oral testimony had all been omitted in the present case there would remain sufficient documentary evidence to entitle the plaintiff to binding instructions, thus distinguishing this action on its facts from the *Nanty-Glo* case. The rule of the *Nanty-Glo* case does not apply where, as here, the defendant did not attack the validity of the plans submitted by the two surveyors nor object to their admission as documentary evidence. *Lodge No. 357 et al. v. G. Am. Ind. Co. et al.,* 128 Pa. Superior Ct. 553, 562, 194 A. 529.

The existence of the bench of rocks proven by the survey and not denied by defendant, corresponding with the description in the deed, as to courses and distances, justified the court in directing a verdict for plaintiff in this case. *Miller v. Cure,* 205 Pa. 168. 54 A. 721.

Judgment affirmed.