## Donegal Township School District *v*. Crosby, Appellant.

Argued April 16, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Luther C. Braham,* with him *Edith B. Galbreath, Darrell L. Gregg* and *Galbreath, Braham & Gregg,* for appellant.

*James E. Marshall,* with him *John H. Marshall, Harry K. McNamee* and *Marshall, Marshall & McNamee,* for appellee.

Opinion by Reno, J., July 17, 1952:

The School District of Donegal Township instituted ejectment for a tract of land upon which it had erected a school building in 1889 or 1890 and used for school purposes continuously until 1947. John Pontius was then the owner of the land and, in the absence of a deed from him, the school district relied upon the presumption, arising from occupancy of the land for 60 years, that John Pontius had granted a full and unqualified title. It also claimed title by adverse possession.

Defendant is a successor in title to a larger tract of which the school property is a part. After the school district ceased to use the property, she took possession of it and padlocked the doors. She denied that John Pontius had granted any rights to the school district and, to the contrary, averred that in 1894 George Pontius, (son of John, who died in 1892 and devised the larger tract to George), orally gave permission to the school district to use the lands in question for "so long as they were needed for a school and when they no longer needed such land for a school the same was to revert to the then owners of the same."

The jury returned a verdict for defendant. The school district moved for a new trial and for judgment n.o.v. The court below stated that "a new trial should be granted" but, without acting upon the motion for it, entered judgment n.o.v. for the school district. The defendant appealed.

At the trial Willard Pontius, a son of George, now deceased, was permitted to testify, over objection, that he was present in 1935 when his father sold the larger tract to Ida Boehmer, defendant's mother and predecessor in title and from whom she inherited the property, and that his father there stated: "A. To the effect that there wasn't any property, that there was no prop-

erty ever transferred, there would be no papers to that effect and they were told the property, if not used for a school building any more was to automatically be a part of the farm." This and other similar statements were received as declarations of a deceased prior owner against his interest.

The testimony was clearly inadmissible. Declarations by a prior owner, whether dead or alive, against his interest, made while holding the legal title to the property are admissible in evidence against him and *against those claiming under him*. *Gibblehouse v. Stong*, 3 Rawle, 437; *Floyd v. Kulp Lumber Co.*, 222 Pa. 257, 71 A. 13; *Dawson v. Coulter*, 262 Pa. 566, 106 A. 187; *Greiner v. Com.*, 334 Pa. 299, 6 A. 2d 67. The declaration admitted into evidence was that of *George* Pontius; the school district was claiming under *John* Pontius; and the claim of the school district could not be affected by a declaration of George Pontius. Furthermore, it was not a declaration against interest. Manifestly, it was a self-serving declaration; a claim of title to land which George did not have possession of at the time of the declaration. The testimony should have been rejected.

The testimony of Willard Pontius was admitted on surrebuttal but that circumstance did not qualify it for admission. It has been held that admission of inadmissible evidence on one side allows the opponent to resort to similar inadmissible evidence. *Sherwood v. Titman*, 55 Pa. 77; but cf. *Swank v. Phillips*, 113 Pa. 482, 6 A. 450. That principle, however, is not applicable here. Willard Pontius' testimony was offered, so defendant urges, to refute the testimony of the secretary of the school board, who testified that neither George Pontius nor any one representing him had claimed the school building and that he had never heard of claims made by George Pontius. His testi-

mony might have been rebutted by evidence showing that George Pontius or his representative had made such a claim in his presence or that he had otherwise heard of George's claim. But it could not be rebutted by evidence of a statement made by George Pontius, not in the presence of the secretary and which had not been communicated to him.

Referring to this testimony the court below, in the opinion we are reviewing, said: "This offer was clearly incompetent but it went to the jury and we cannot say that it did not prejudice the plaintiff's case. On this angle of the case we are of the opinion that a new trial should be granted." However, instead of granting a new trial and without taking action upon the motion for a new trial, the court entered judgment n.o.v. for the school district. This was accomplished by disregarding the testimony of Willard Pontius and of others, and was clear error. In entering judgment n.o.v., under the Act of April 22, 1905, P. L. 286, as amended, 12 P.S. §681, et seq., the judgment must be entered upon the evidence in the record in the court below as it stood at the close of trial. Neither the trial court nor the appellate courts can eliminate evidence which was improperly admitted or insert offers of evidence which should have been admitted but were excluded. *In either case the sole remedy is a new trial. Kotlikoff v. Master,* 345 Pa. 258, 27 A. 2d 35; *The Constructors' Assn. of West. Pa. v. Furman,* 170 Pa. Superior Ct. 554, 87 A. 2d 801.

This conclusion precludes examination of the merits of the motion for judgment n.o.v. Where a party moves for a new trial and for judgment n.o.v., "he places himself in rather an anomalous position. If his motion for a new trial is granted, it automatically disposes of the motion for judgment n.o.v.": *Beal v. Reading Co.,* 370 Pa. 45, 47, 87 A. 2d 214. The same result

follows where a motion for a new trial should have been granted but no action was taken upon it. Where, as here, the court below properly acknowledges that a new trial should have been granted for a clear error of law, but, without awarding a new trial or passing upon the motion for it, enters judgment n.o.v., we shall grant the new trial which the court below should have awarded, thereby automatically disposing of the judgment n.o.v. Cf. *Dattola v. Burt Bros., Inc.,* 288 Pa. 134, 135 A. 736; *Stevenson v. Titus,* 332 Pa. 100, 2 A. 2d 853; *Powell v. Schoenfeld,* 262 Pa. 588, 106 A. 110; *Pennell v. Phillips,* 53 Pa. Superior Ct. 324; *Leland v. Firemen's Ins. Co. of Newark,* 133 Pa. Superior Ct. 225, 2 A. 2d 542.

Since the case must be retried, it is proper to state here that defendant's complaint concerning the rejection of the offer of testimony of Gerretta Vensel is without merit. The declarations of officers of a school district are not admissible as admissions against its interest. *Matevish v. Ramey Borough School Dist.,* 167 Pa. Superior Ct. 313, 74 A. 2d 797, and the cases there cited.

Judgment reversed and a new trial awarded.