Douglas, Appellant, *v.* Kingsley.

Argued April 20, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

re-argument refused August 20, 1956.

*Marshall Gray Jones,* with him *J. Harry Morosini,* for appellants.

*J. Julius Levy,* with him *Michael J. Martin,* and *James W. Scanlon,* for appellees.

OPINION BY MR. JUSTICE ARNOLD, June 25, 1956:

In this action of ejectment plaintiffs appeal from judgment of the court below entered for defendant upon the directed verdict of a jury. They contend that the court erred in directing the jury to find for defendant

if it determined to be valid certain documents of title in defendant.

The evidence established that in 1828 Isaac London, then owner of the land, leased to one Meredith *for 100 years,* the coal thereunder with right to mine and remove. In 1840 London conveyed the land (subject to the Meredith lease) to J. Burr Kenyon, "together with the . . . minerals, . . . reversions and remainders . . . and also all the estate, right, title, interest . . . claim and demand whatsoever [of Isaac London] in law or equity or otherwise . . ."

In 1882 J. Burr Kenyon died intestate leaving as heirs his widow, Rhoda, and his children, Mary K. Howe, Elizabeth K. Jones, Harriet Hull, Elizabeth A. Kingsley, Charles Kenyon and Carrie Kenyon. The widow died in 1897 and Carrie Kenyon died in 1905, unmarried and without issue.

In 1896 Charles Kenyon conveyed his interest to defendant's father. In 1928, the Meredith lease having expired, defendant, by lease, undertook to mine the coal.

Plaintiffs claimed by inheritance from two of J. Burr Kenyon's children, Elizabeth K. Jones and Mary K. Howe. Having proved Kenyon's title, his death intestate, and their inheritance through Elizabeth K. Jones and Mary K. Howe, they rested.

Defendant produced two deeds: one conveying to defendant's father all of Mary K. Howe's "right, title and interest . . . in and to all the coal . . . in, under or upon the said premises"; the other, a deed in partition of the real estate of J. Burr Kenyon, to which Elizabeth K. Jones was a party, conveying to Anna E. Kingsley and others the tract in question. The latter deed did not separate surface and coal, nor did it reserve or except the possibility of reverter of the coal upon termination of the Meredith lease.

In previous cases involving these coal lands it has been established that : (1) Meredith's lease was a sale of coal in place, with severance only for the term of the lease (*S. D. Kingsley et al. v. Hillside Coal & Iron Co.*, 144 Pa. 613, 627, 628, 23 A. 250; *Greek Catholic Congregation of Olyphant Borough v. Wilson Coal Company*, 329 Pa. 41, 198 A. 841); and (2) the deed to J. Burr Kenyon was a conveyance of London's interest in the land, including reversionary rights in the coal upon termination of the Meredith lease (*Smith v. Kingsley*, 331 Pa. 10, 12, 200 A. 11; *London v. Kingsley*, 368 Pa. 109, 81 A. 2d 870).

There is no merit in this appeal. Plaintiff sought to prove their rights by descent, but the uncontradicted effect of defendant's documentary evidence clearly refutes their claim. There was conveyed to J. Burr Kenyon the possibility of reverter (*London v. Kingsley*, supra); the two deeds validly divested the title under which plaintiffs claim, passing all their interests in the coal, consequently there was nothing which plaintiffs could inherit. As to plaintiffs' contention that the partition proceedings were not proper, it is sufficient to note that they were had under the Act of 1874, P. L. 156, 12 PS §1760, and there was no proof of irregularity in the proceedings.

There was nothing for plaintiffs to inherit. Under these circumstances it became the court's duty to direct a verdict for defendant: *Vlachos v. Witherow*, 383 Pa. 174, 118 A. 2d 174; *Pittsburgh Outdoor Advertising Company v. Surowski*, 164 Pa. Superior Ct. 383, 64 A. 2d 854.

Judgment affirmed.